## SAVANNAH, AUGUSTA AND NORTHERN RAILWAY COMPANY *v.* WILLIAMS *et al.*

1. In a proceeding by a railroad company to condemn land, the landowner is not only entitled to have compensation for the value of the land proposed to be taken, but also he is entitled to damages for any depreciation in the value of the balance of his land, caused by the construction and operation of the railroad through it; and in estimating such damages, evidence relating to the effect on its market value of smoke, cinders, and noise, resulting from operating a railroad through the land, is competent.
2. Verbal inaccuracies in a charge, not calculated to mislead or obscure the meaning of the court, will not require a new trial.
3. Where, on the question of the value of the land taken and the consequential damages to the remainder of the lot, the amount of the

verdict is within the range of the estimates of the different witnesses, and the amount is approved by the trial judge, this court will not interfere on the ground that the verdict is excessive.

Argued June 15,—Decided December 24, 1909.

Condemnation of land. Before Judge Rawlings. Bulloch superior court. November 3, 1908.

*Brannen & Booth* and *Fred. T. Lanier,* for plaintiff in error.

*Johnston & Cone, A. M. Deal,* and *H. B. Strange,* contra.

EVANS, P. J. 1. The writ of error is to the overruling of a motion for new trial. The case was an appeal from the assessors' award in a proceeding by a railroad company to condemn a right of way. Substantially all of the grounds of the motion, whether complaining of the admission of evidence, refusal to charge, or exceptions to the charge, present a single proposition. The trial court held that in a condemnation proceeding the landowner was entitled to recover as consequential damages any depreciated value of the remainder of his land, and that the jury might consider evidence as to smoke, noise, dust, cinders, and the like, not as independent elements of damage, but in determining the value of the property after the railroad has been constructed and in operation. It is urged by counsel for plaintiff in error that evidence as to noise, smoke, and the like incidents in the operation of a railroad are too remote and speculative, and that noise and smoke give no cause of action. The principal case cited by them is the case of *Austin* v. *Augusta Terminal Co.,* 108 *Ga.* 671, 682 (34 S. E. 852, 47 L. R. A. 755). In that case the property affected by the operation of the railway did not abut on the street along which the railroad was constructed, and there was no physical invasion of it by the railroad company; and it was held that a railroad company is not liable to an owner of property for diminution in the market value, resulting from the making of noise, or from the sending forth of cinders and smoke in the prosecution of the company's lawful business, which do not physically affect or injure the property itself, but merely cause personal inconvenience or discomfort to the occupants of same. In the opinion, Simmons, C. J., took pains to differentiate the case from one like that which we have under consideration. Said he: "In our own case of *South Carolina R. R.* v. *Steiner,* 44 *Ga.* 546, the tracks were in the street immediately in front of the plaintiff's residence, physically invading his right of way, and

thereby giving him a cause of action. When there has been this physical interference, there is a 'damage' in connection with the 'taking' of the private property consisting of an easement or right of way, and the plaintiff, being thus damaged, is allowed to show all the elements of that damage. The effects of smoke and noise are considered, not as independent elements of damage, but as tending to prove the value of the property after the railroad has thus taken or damaged the property or some right appurtenant to the property." See the case of *Atlantic R. Co.* v. *McKnight, 125 Ga. 328* (54 S. E. 148), where all prior cases of our court on this subject are collected. The railroad company is proceeding to take a part of the plaintiff's land; and he is entitled not only to have compensation for the value of the land proposed to be taken, but also he is entitled to damages for any depreciation in the value of the land out of which the part sought to be condemned is carved; and in determining whether its value would be depreciated by the construction and operation of a railroad through it, evidence relating to its value as affected by the operation of a railroad through the property was competent and admissible. An owner of land sought to be condemned for public use may prove its value for any and all legitimate purposes to which it is specially adapted, and the witnesses in forming their opinion have the right to cast over in their minds all the circumstances which should influence them in making the estimate. *Harrison* v. *Young, 9 Ga. 359*; *Young* v. *Harrison, 21 Ga. 584, 591*. If the various elements which enter into the proper estimation of value may be considered in fixing the value of the land taken, likewise such elements may be considered in estimating the value of the remainder of the land, as affected by the use to which it is to be put by the condemnor.

2, 3. There is some criticism of verbal inaccuracy in the charge, but we do not think that the meaning of the court was obscured. In so far as the requests to charge were pertinent and legal, they were covered by the court in the charge. The estimates of the different witnesses varied as to the value of the land taken, and the consequential damages to the remainder of the lot; and the jury found a verdict between the highest and lowest estimate, which is approved by the trial judge, and this court will not interfere on the ground that the verdict is excessive. *Hart* v. *Thomas, 75 Ga. 529*.

*Judgment affirmed. All the Justices concur.*