### 10162.   MELVIN, administrator, *v.* ASKEW.

1. A new trial is not required because of error in using the word "are" instead of "were," in the charge of the court to the effect that in the affidavit of illegality it was contended that the superior court of Calhoun county, from which issued the execution attacked by the affidavit, did not have jurisdiction of the defendants against whom it issued as principals, for the reason that they "are" residents of Laurens county, and not of Calhoun county. This error was a mere slip of the tongue which could not have misled the jury, in view of other instructions and of the fact that they had with them the affidavit of illegality itself.

2. The instructions on the law of domicile, taken from the Civil Code (1910), § 2182, were not cause for a new trial on the ground that they were not applicable to the facts of the case.

3. There was no error in the instruction that if there was any evidence that the defendants had registered and voted in Calhoun county, this would be a circumstance that the jury might consider in determining as to the domicile of the defendants.

4. The requests to charge on the subject of domicile were, so far as correct and applicable, sufficiently covered by the charge given.

5. The ground as to the admitting of evidence that the defendants said they had voted in a certain election "down here" is incomplete; and other evidence in practically the same language was admitted without objection.

6. Refusal to exclude testimony set out in ground 12 was not error for the reason assigned.
7. It was proper to exclude testimony that the witness "would believe" certain other persons if they swore to a certain fact.
8. There is some evidence to support the verdict.

DECIDED AUGUST 7, 1919.

Affidavit of illegality; from Calhoun superior court—Judge Harrell. September 7, 1918.

*W. I. Geer,* for plaintiff in error. *E. B. Askew, Pope & Bennet,* contra.

BLOODWORTH, J. An attachment was levied and an affidavit of illegality filed containing a number of grounds. When this case was before the Supreme Court (See 144 *Ga.* 349 (87 S. E. 278), where the facts are set out) that court said (p. 353); "There were twenty-four grounds of the affidavit of illegality. Some contained repetition in various forms of the matters above discussed. Some included in one ground reference to several matters. None of them were meritorious except in so far as they attacked the judgment for want of jurisdiction in Calhoun superior court to render it. All the rest of the allegations, except those relative to the subject of jurisdiction, should be stricken (including the plea filed after judgment); and direction is given accordingly." The issue raised by the ground of illegality not eliminated by the Supreme Court was submitted to a jury, the verdict was adverse to the illegality, a motion for a new trial was filed and overruled, and the movant excepted.

1. The first ground of the amendment to the motion for a new trial complains that the judge erred in stating the contentions of defendant and telling the jury that the execution was proceeding illegally "for the reason that the superior court of Calhoun county, from which said execution was issued, did not have jurisdiction of the defendants E. E. Stone and L. V. Stone, against whom said execution issued as principals, for the reason that said defendants nor either of them *are* residents of Calhoun county, Georgia, but that they are residents of Dublin, Laurens county, Georgia;" whereas the affidavit of illegality alleged that the defendants *at the time of the institution of the suit,* the levy of the attachment, were residents of Laurens county, Georgia (italics ours). The use of word "are" by the judge in the above quotation from the charge was only a slip of the tongue, and could not have misled the jury.

They had out with them the pleadings, which showed the contentions of the parties. "Verbal inaccuracies in the charge, not calculated to mislead or obscure the meaning of the court, will not require a new trial." *Savannah, Augusta & Northern Ry. Co.* v. *Williams,* 133 *Ga.* 679 (2) (66 S. E. 942) ; *Cochran* v. *State,* 9 *Ga. App.* 824 (2) (72 S. E. 281). Besides, the judge charged the jury: "I charge you further that you may take into consideration all the facts and circumstances in this case, to determine where their domicile was at the time this suit was brought," and "on the other hand, if you should believe from the evidence in the case that E. E. Stone and L. V. Stone did not reside in Calhoun county at the time this suit was instituted or brought, but that they resided in Laurens county or at some other place, then and in that event you will find in favor of the defendants."

2. Under the facts of this case it was not error harmful to the plaintiff in error for the judge to give in charge to the jury that portion of section 2182 of the Civil Code of 1910 of which complaint is made in ground 2 of the amendment to the motion for a new trial.

3. Error is assigned on the following instruction: "If you believe there is any evidence in this case as to their having registered in Calhoun county, Georgia (and it is contended by the plaintiff in this case that they did register and that they voted in this county), —if there is any evidence of their having voted and registered in this county, I charge you that would be a circumstance that the jury might consider as to determining the domicile of the defendants." In this we see no error.

4. The principles embraced in the requests to charge contained in grounds 4 to 10, inclusive, of the motion for a new trial, so far as correct, pertinent, and applicable, were sufficiently covered by the charge given.

5. Even if the evidence complained of in the 11th ground of the motion for a new trial, that the defendants stated that they voted in a certain election "down here," was improperly admitted, the error was not of sufficient gravity to require the grant of a new trial. Evidence in practically the same language from another witness was admitted without objection, and there was no denial by the defendant of the correctness of the statement. Besides, every ground of a motion for a new trial must be complete within

itself and without reference to other parts of the record; and it would be necessary to refer to the evidence to ascertain where "down here" is, and the year in which the election referred to took place.

6. The court did not err in refusing to exclude the testimony complained of in ground 12 of the motion for new trial, for the reasons alleged.

7. The 13th and 14th grounds of the motion for a new trial are without merit. It is not for a witness to say whether or not other witnesses testified truthfully or falsely; that is for the jury to determine.

8. There is some evidence to support the verdict, which has the approval of the trial judge, no error of law is pointed out, and the judgment is

*Affirmed. Broyles, P. J., and Stephens, J., concur.*