## 19830. MOORE *v.* LOGAN-LONG COMPANY.

DECIDED AUGUST 23, 1929.

*I. S. Hopkins, Hewlett & Dennis, T. F. Bowden,* for plaintiff.
*Alston, Alston, Foster & Moise, W. H. Sibley,* for defendant.

LUKE, J. C. D. Moore brought suit in the municipal court of Atlanta against Logan Long Company, alleging: "1. That Logan Long Company, hereinafter styled defendant, is a corporation having an agent, office, and place of doing business in said State and county. 2. That defendant is indebted to your petitioner in the sum of $184.50 by reason of the facts hereinafter set forth. 3. That on or about the 23d day of October, 1924, defendant engaged in certain advertising in connection with the opening of the business of Womack Lime and Cement Company in the City of Atlanta, for the purpose of acquainting the building trade with the roofing material of defendant. 4. That defendant's officer and agent, one Long, on said date announced to petitioner and all others present in the place of business aforesaid that sufficient roofing, not less than twenty-five squares, together with the labor and materials for using it upon a six-room bungalow, would be given to some one meeting the conditions hereinafter stated. 5. That petitioner was thereupon given a card, which he filled out and returned to said officer and representative of defendant, as will appear from a copy hereto attached, marked Exhibit A and made a part of this petition. 6. That in a few minutes thereafter peti-

tioner was informed by said Long and T. F. McWaters, the general manager of defendant's plant in Atlanta, that the roofing, material, and labor had been awarded to your petitioner. 7. That thereafter, to wit, on or about the 15th day of September, 1925, petitioner went to the office of defendant for the purpose of getting the said material, and there he saw the said McWaters, the general manager of defendant company's business in Atlanta. 8. That having announced his intention, petitioner told the said McWaters that he would then take the roofing material and use it in accordance with the agreement, unless defendant was willing to give him an extension of time. 9. That said McWaters directed petitioner to return in about ten days; that petitioner did so and he was advised by the said McWaters that defendant was willing to give an extension of two years, and it was thereupon agreed between petitioner and the said McWaters that petitioner would take and that defendant company would deliver said material at any time within two years. 10. That thereafter, to wit, in the early part of 1927, petitioner saw one Bowdon, who was then the general manager of defendant's office and business in Atlanta, Georgia, and the said Bowdon promised to deliver the roofing the latter part of April, 1927. 11. That petitioner thereupon built a six-room dwelling house and said house [was] ready to be roofed the latter part of April, 1927, but defendant, through its officer, the said Long, declined and refused to deliver the said roofing to your petitioner or to pay him the value thereof. Wherefore petitioner prays judgment," etc. "Exhibit A. Do not fail to fill in this card. The information asked for below is to be used in awarding a very valuable prize later, during the evening's entertainment. It is very necessary for you to fill out the card. Don't fail to turn in your card. Fulton Lime & Cement Company. Children not eligible. Name . . C. D. Moore. Address . . Cecil Hotel, Atlanta, Ga. Painting ............................... I hereby agree that if awarded any of the materials to be given away on October 21st, 22d, and 23d, for the purpose of boosting and building of homes in Fulton and DeKalb counties, that I will use the material in building my home within the next twelve months, or (if a contractor) in building a home for one of my clients in said counties." To this petition the defendant filed a general demurrer. The judge of the municipal court sustained the demurrer and dismissed the

petition. The plaintiff then appealed to the appellate division of the municipal court and it affirmed the judgment of the trial judge. The plaintiff then carried the case, by certiorari, to the superior court of Fulton county, the certiorari was overruled, and to this judgment he excepted.

It will be noted: 1. That the defendant's name is not signed to, and does not appear in the alleged contract which is the basis of the suit. 2. That the term "very valuable prize" in said alleged contract is indefinite. 3. That the alleged contract shows that a *prize* was to be *awarded;* that it constituted an offer to make a gift, and was a naked promise without valid consideration. Civil Code (1910), § 4241. 4. That the house was not built within twelve months as provided in the alleged contract. 5. That no consideration is shown for the extension of time. 6. That the extension was for two years, was not, so far as the petition discloses, in writing, involved the transfer of property valued at more than $50, and, being without consideration, violated the statute of frauds. Civil Code, § 3222 (5, 7).

The trial judge properly sustained the general demurrer and dismissed the petition, and the judge of the superior court did not err in overruling the certiorari.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*