### 21501, 21502.   MARTIN *v.* DEATON; and *vice versa.*

JENKINS, P. J.   1. Every contract must be founded upon a valid consideration. The generally accepted definition of a valid consideration is a benefit to the party promising or a loss or detriment to the party to whom the promise is made. A valid consideration inuring to one of the parties may be pecuniary, or it may consist in whole or in part in the acquisition of a legal right not theretofore existing. Accordingly, where a property owner rents a moving-picture theatre at a stated price per month, with a provision in the contract that the tenant may "at any time during the period of the lease" convert the building into a building suitable for mercantile purposes, the acquisition of such right of conversion constitutes as much a part of the consideration for the promise to pay rent as does the right of occupancy. Motive and consideration are not interchangeable terms, since the motive for a promise does not supply the element of consideration. 13 C. J. 325, § 165. But where a valid consideration exists, the motive which actuates the acceptance of the consideration could not be taken to evidence bad faith such as

would impair an actual contract based upon a valid consideration. For example, as in this case, the fact that the motive inducing the lessee to enter into a contract obligating himself to pay the rental for the moving-picture building may have consisted both in his desire to acquire the use of the property, and, as plainly indicated by the terms of the lease, the right, if such particular picture business should prove unprofitable, to prevent competition with other picture show establishments conducted by him, after the expiration of his lease, by converting the building into a structure unsuitable for such particular business, would not affect the validity of the consideration itself so as to impair the contract on the theory that the exercise of such acquired absolute right, prompted by such motive, would be an evidence of bad faith. The purpose and intent of the tenant acquiring the right to convert the building is plainly indicated by the provision of the contract which obligated him to pay a half of the cost of conversion in the event the landlord should himself convert it even after the expiration of the lease.

2. Under the terms of the lease involved in this case, the lessee had the absolute right at any time during the continuance of his lease to convert the building into one suitable for mercantile purposes in the event the picture-show business in this particular building should prove unprofitable. Under undisputed evidence the picture-show business in the building covered by the lease did in fact prove altogether unprofitable, and the lessee accordingly had the absolute right to convert the building as provided by the terms of the agreement, and his exercise of such right could not be regarded as an act done in bad faith, such as would give ground to an action in tort for damages.

3. The charge of the court submitting to the jury the question of whether or not the lessee acted in good faith in converting the building was unwarranted, and the verdict in favor of the plaintiff was, therefore, unauthorized. The charge of the court was not error, however, for any reason assigned in the cross-bill of exceptions.

*Judgment reversed on the main bill of exceptions; affirmed on the cross-bill. Stephens and Bell, JJ., concur.*

Decided December 21, 1931. Rehearing denied January 18, 1932.

*Love & Fort,* for plaintiff in error.   *Robinson & Flynt,* contra.

ON MOTION FOR REHEARING.

JENKINS, P. J.   In this case the plaintiff sued for damages because the defendant had damaged a building belonging to the plaintiff, which was leased to the defendant under a contract providing that the defendant might, if he found the operation of a motion-picture business in the building unprofitable, convert it, at any time during the lease, into a building suitable for mercantile purposes. The court held that under the contract the defendant acquired the absolute right to convert the property into a building suitable to mercantile purposes, and that whether his motive was merely to render the building unsuitable for a moving-picture theatre, and thus destroy competition, was immaterial, and the court therefore erred in charging the jury that the defendant's right to convert depended upon whether he acted "in good faith" in so doing.

By a motion for rehearing it is insisted that the allegations of the petition were to the effect that the defendant proceeded maliciously and wantonly to demolish the building.   The petition did charge that the defendant had intentionally, "wilfully, maliciously, and wantonly wrecked, cut up, demolished, removed, and destroyed a metallic front on said building of the value of at least six hundred dollars; that the destruction of this tin front was without any reason, cause, or excuse except a wanton and wilful wish and desire on the part of the said defendant to injure and damage petitioner."   There was no averment that the acts of the plaintiff in thus removing the front were necessary to or in any way disconnected with the proper conversion of the building into a mercantile building; and the allegations of the original petition, which was a suit to restrain and enjoin the further demolition of the building, were that the defendant was then proceeding to *convert* the building into a mercantile building.   The jury found in favor of the plaintiff in the sum of $3,000, the amount which the proof in

532

the plaintiff's behalf showed would be necessary to restore the building into a moving-picture house. This court held that the verdict was unauthorized, and that the charge of the trial judge was error. There was no adjudication on the question whether the defendant might be liable for any malicious injury done to the property over and beyond that which was necessary in making the conversion into a building other than a moving-picture house, and no such question was raised.  *Rehearing denied.*