## 24179. SHEFFIELD v. STUDOR.

DECIDED JANUARY 26, 1935.

*Bussey & Fulcher,* for plaintiff in error.

*Nathan Jolles, Curry & Curry,* contra.

BROYLES, C. J. The petition (formal parts omitted) reads as follows: "1. That said defendant is a resident of said State and county. 2. That on May 21, 1933, Otto Studor died, leaving your petitioner, his son, as his sole heir at law, there being no living wife or other child of said deceased Otto Studor. 3. That the said defendant has damaged your petitioner in the sum of twenty thousand ($20,000) dollars, by reason of the negligent homicide of said Otto Studor, which arose by reason of the following facts. 4. That on May 14, 1933, the said Otto Studor, in company with said defendant, left Atlanta, Georgia, on a certain one and one half ton Dodge truck, loaded with merchandise for business purposes of said defendant, and proceeded by way of Macon and had gotten just beyond Sandersville, Georgia, when the defendant became tired and fatigued from the long trip and asked the said deceased Otto Studor to drive on into Augusta, the same being the destination of the said defendant. 5. That the said Otto Studor then undertook to drive said truck, and just beyond Davisboro, on the highway to

Louisville, Georgia, said truck got out of control of the said Otto Studor because said truck was too heavily loaded at said time, having a load of about five thousand pounds of merchandise, and by reason of said heavy load the said deceased, Otto Studor, could not handle the said truck properly and as it should have been handled if the same had its normal load. 6. The said deceased, Otto Studor, did not know nor could he have ascertained said fact of said load, and by reason of said heavy load the said truck became unmanageable to the said deceased Otto Studor. 7. That said defendant failed to inform said Studor of the condition of the load of said car, and the said defendant was grossly negligent in loading on said truck such an overload and in requesting the deceased Otto Studor to drive said truck, the said Studor being inexperienced in driving trucks, which defendant well knew. 8. Petitioner avers that said defendant was further negligent in permitting the said deceased Studor to drive said truck with said overload, knowing that the said deceased Studor was suffering with rheumatism and other physical infirmities and that he was physically unable to manage a truck with such an overload. 9. That by reason of said facts, about three miles from Davisboro, after the said deceased Studor had curved to the right to allow another vehicle to pass said truck and in attempting to right said truck back on the side of the road, the same became unmanageable by reason of said overload and turned over, causing injuries from which the said Studor died. 10. Petitioner avers that the negligence of said defendant as aforesaid was the proximate cause of the death of said Otto Studor, and petitioner further avers that said deceased could not by the exercise of ordinary care and diligence have avoided the consequences of said negligence, not having any knowledge of said overload. 11. Petitioner avers that the said Otto Studor at the time of his death was fifty-seven years old and had a life expectancy of sixteen years, and was a butcher by trade, and had earned about twenty ($20.00) dollars per week, when working."

The defendant interposed a general demurrer, which was overruled, and to that judgment exception was taken.

The petition, construed most strongly against the plaintiff, showing that the deceased (the plaintiff's father) was riding by invitation and gratuitously in the defendant's truck, the plaintiff is not entitled to recover unless his father's injuries were caused by the

*gross* negligence of the defendant. *Yearwood* v. *Yearwood, 45 Ga. App.* 203 (1) (164 S. E. 105), and cit. The negligence alleged in the petition is the overloading of the truck by the defendant, and his requesting and permitting Otto Studor (the deceased) to drive it while so overloaded and when he (the defendant) knew that Studor "was suffering with rheumatism and other physical infirmities, and that he was physically unable to manage a truck with such an overload," and knew that Studor was "inexperienced in driving trucks." It is clearly apparent that the assignments of negligence on the defendant's requesting and permitting Studor to drive the overloaded truck, when he (the defendant) knew that Studor was inexperienced in driving trucks, and knew that Studor was physically unable to manage the truck, are not well taken. The facts that Studor was "inexperienced in driving trucks" and "was suffering with rheumatism and other physical infirmities" so that he was unable to properly operate the truck, were necessarily better known to him than to the defendant, and, in the exercise of ordinary care, Studor should have declined the invitation to drive the truck. The controlling question in the case is whether, under the facts set forth in the petition, the defendant was grossly negligent in overloading the truck and in permitting it to be operated by Studor, without regard to his infirmities and inexperience. It is not alleged in the petition that the truck had any mechanical defect, its only defect being that it was overloaded, "a load of about five thousand pounds of merchandise" being put on "a one and one half ton Dodge truck." It is not alleged in the petition that the five thousand pounds of merchandise were covered up or concealed in any way, so that Studor could not ascertain that the truck was overloaded. The allegation in the petition that he "did not know nor could he have ascertained" that the truck was overloaded is a mere conclusion of the pleader and is not supported by the facts set forth in the petition. This court can take judicial cognizance of the well known fact that five thousand pounds on a one and one half ton truck is a heavy overload, and no reason is given in the petition why Studor could not have discovered the overload by a casual inspection of the loaded truck, the defect being obvious. The petition sets forth no facts or circumstances to excuse Studor from discovering the defect. There are no such allegations as that it was dark, or that Studor was hurried and had no time or oppor-

tunity to observe that the truck was so heavily overloaded, or that the defendant did anything to prevent Studor from exercising ordinary care and ascertaining the defect in the truck. See, in this connection, *Norris* v. *American Express Co.*, 156 *Ga.* 150 (118 S. E. 686). Moreover, the petition fails to allege that the defendant *knew* that the overloading of the truck made its operation a *dangerous* proceeding, or that he realized that it would expose his guest (Studor) to an unreasonable risk. The knowledge of the defendant that the truck was overloaded was not necessarily knowledge that the operation of it on the highways would be dangerous to either himself or his guest, and his own conduct in exposing himself to the peril of traveling in the truck indicates that he was not conscious of the peril. If he believed the truck safe enough for him to travel in, he could not have realized that it was unsafe for his guest, and his conduct in overloading the truck and permitting his guest to drive it would not amount to gross negligence, if negligence at all. See, in this connection, Higgins *v.* Mason, 255 N. Y. 104 (174 N. E. 77), s. c. 230 App. Div. 149 (243 N. Y. Supp. 630); O'Shea *v.* Lavoy, 175 Wis. 456 (185 N. W. 525); Lewellyn *v.* Shott, 109 W. Va. 379 (155 S. E. 115); Clark *v.* Parker, 161 Va. 480 (171 S. E. 600); Albers *v.* Shell Co., 104 Cal. App. 733 (286 Pac. 752); *Norris* v. *American Express Co.*, supra.

The petition fails to show that the defendant was guilty of gross negligence, and the court erred in overruling the general demurrer interposed.

*Judgment reversed. MacIntyre and Guerry, JJ., concur.*