### 36115. DUMAS v. J. L. TODD et al.

DECIDED MARCH 14, 1956.

*W. B. Mitchell*, for plaintiff in error.

*Covington & Kilpatrick, Bryan M. Story*, contra.

GARDNER, P. J. 1. Since there was no consideration shown, the giving of an automobile under the circumstances described herein does not come within the scope of a lottery device. See *Equitable Loan & Security Co.* v. *Waring*, 117 *Ga.* 599 (44 S. E. 320, 62 L. R. A. 93, 97 Am. St. R. 177); *Barker* v. *State*, 56 *Ga. App.* 705 (193 S. E. 605), and *Jorman* v. *State*, 54 *Ga. App.* 738 (188 S. E. 925). Nor is a contractual relationship shown, because of lack of consideration. *Moore* v. *Logan-Long Co.*, 40 *Ga. App.* 259 (149 S. E. 321) involved the giving away of roofing by a building materials firm. In that case the allegations of the petition showed that the defendant engaged in certain advertising projected towards acquainting the building trade with the defendant's roofing material. It was alleged that the defendant announced that 25 squares of roofing would be given away; that the plaintiff received a card which he filled out and returned to the defendant; that the plaintiff was announced as the winner; that the time for delivery was changed by agreement between all parties concerned; that the roofing was not delivered when delivery was requested by the winner. The defendant filed a general demurrer to the petition, which was sustained. The Court of Appeals in affirming the judgment of the trial court said: "The alleged contract shows that a *prize* was to be *awarded;* that it constituted an offer to make a gift and was a naked promise without valid consideration." The fact that the Ford in the instant

case was offered to encourage people to attend the auction does not constitute consideration,—it shows motive, but not legal consideration. *Brosseau* v. *Jacob's Pharmacy Co.*, 147 *Ga.* 185 (95 S. E. 293). In *Martin* v. *Deaton*, 44 *Ga. App.* 528 (162 S. E. 399) this court said: "Motive and consideration are not interchangeable terms, since the motive for a promise does not supply the element of consideration."

We think it was necessary, under the pleadings in the instant case, for the plaintiff to have been required to produce the stub for identification purposes. Even had there been a legal contract, (and we have herein ruled that this is not true), it would have been necessary for the plaintiff to have produced his stub to match the ticket. We can visualize a situation of the same name in a large crowd, each unknown to the parties involved in a "give-away" promotion scheme, resulting in it being absolutely essential that the stub should be presented for identification purposes. We do not deem it necessary to set out other reasons why a presentation of a stub should be required.

The trial court did not err in sustaining the general demurrer and dismissing the petition.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*