## 42926. HOWELL v. AMERSON.

EBERHARDT, Judge. 1. Where plaintiff's husband sought to borrow a used electric drill from the defendant, which he had purchased approximately two months before, on which defendant installed a new plug for connecting to the electric current and informed the husband that he might have it, warning "It will shock you," but thereafter in the husband's presence tested it himself on a steel table or drum, receiving no shock from its operation, and then handed it to the husband saying "It didn't shock me; it's O.K.," no actionable negligence appears on the basis of a "failure to warn" of the danger of using the drill. A different result is not required because it appears that defendant knew that the drill had shocked three other people prior to the occasion of the lending, none of whom was injured.

2. We have found no case in the courts of this State, nor has any been called to our attention, dealing with the duty and responsibility of a bailor to the bailee in a gratuitous bailment situation relative to defects which may exist in the subject matter of the bailment.

But we think the rule is well stated in 8 AmJur2d 1043, Bailments, § 148: "Where a bailment is purely gratuitous, and created for the exclusive benefit of the bailee, as where articles are loaned to another simply for his own use, without any reward or compensation being received from him by the lender, the bailor's only duty in respect of defects is to inform the bailee of any of which he is aware and which might make the use of the subject of the loan perilous to the bailee or to his servants. The ground of this obligation is that when a person lends he ought to confer a benefit, and not do a mischief. But the obligation of a mere lender goes no further than this, and he cannot therefore be made liable for not communicating anything which he did not in fact know, whether he ought to have known it or not."

The same principle is found in the rule that the owner or host is under no duty to inspect or to warn a guest who is about to ride in his automobile except as to those defects about which he knows and which expose the guest to an unreasonable risk of harm. *Lee v. Lott,* 50 Ga. App. 39, 48 (177 SE 92); *Sheffield v. Studor,* 50 Ga. App. 429 (178 SE 409). It seems obvious that in this respect the duty and responsibility of the bailor in a gratuitous bailment to the bailee and that of the host to the guest are the same. This defendant, having warned of the only defect about which he knew, fulfilled his duty.

3. That the husband may have suffered a fatal shock from his use of the drill a short while after borrowing it from defendant was not a foreseeable event in the light of defendant's action in changing the connection plug and making a personal test of the drill before lending it. *Daneker v. Megrue,* 114 Ga. App. 312 (151 SE2d 157); *Moses v. Chapman,* 113 Ga. App. 845 (1) (149 SE2d 850).

4. It was error to deny defendant's motion for summary judgment.

*Judgment reversed. Felton, C. J., and Hall, J., concur.*

Argued July 5, 1967—Decided July 11, 1967— Rehearing denied July 21, 1967.

*Jay M. Sawilowsky,* for appellant.

*George B. Rushing, Hull, Towill & Norman, Julian B. Willingham,* for appellee.