## 43186. STATE HIGHWAY DEPARTMENT v. SHELTON.

HALL, Judge. From a verdict of the jury and judgment upon an appeal from an award of the special master, the condemnor in this case appeals to this court on the ground that the verdict was without evidence to support it and excessive in awarding $1,896 for the land taken, and in awarding $9,687 as consequential damages to the land not taken.

1. The record shows that the condemnor acquired title to a perpetual right of way on a part of the land and acquired easements for construction, driveways, and drainage on other parts of the land. The testimony of the condemnor's own witnesses was that the value of the land on which the right of way was taken was $556.82, and the value of the land covered by the easements was $1,380.24. The total valuation, according to the condemnor's witnesses, was greater than the amount awarded by the jury for the "land taken." The condemnor's argument that the verdict must be construed as an award for the right of way only and as awarding nothing for the easements is not reasonable when we consider the evidence, the pleadings, and the charge of the court, according to which we must construe the verdict. *Twilley v. Twilley,* 195 Ga. 291 (24 SE2d 41).

2. Witnesses for the condemnor testified that the value of the whole tract before the taking was $7,623 and that the consequential damages to the land not taken were $4,135.94. The condemnee testified that the value of the tract before the taking was $20,000. An expert witness for the condemnee testified that the consequential damages to the remaining land were $12,000.

The condemnee and his witness testified that they based their opinions of value on their familiarity with the property, on the fact that three highways went by the property, one of

them leading into an interstate highway a short distance away, on the growth of the city in that direction, on knowledge of sales of lots in comparable locations, and on an offer or option to purchase the property made to the condemnee but later withdrawn. Disregarding the option or offer that was never consummated (as the court instructed the jury to do), which the condemnor contends has no probative value and cannot form a basis for an opinion of value, we cannot say as a matter of law that the evidence showed these witnesses were not qualified or had had no opportunity to form probative opinions and that their opinions could not be considered or support a verdict. *Williams v. Colonial Pipeline Co.*, 110 Ga. App. 824, 826 (140 SE2d 150). Cf. *State Hwy. Dept. v. Parker*, 114 Ga. App. 270 (150 SE2d 875). Therefore the verdict for consequential damages was within the range of and supported by the evidence. *Savannah, A. & N. R. Co. v. Williams*, 133 Ga. 679, 681 (66 SE 942); *State Hwy. Dept. v. Thompson*, 105 Ga. App. 738, 739 (125 SE2d 537); *Freedman v. Housing Auth. of City of Atlanta*, 108 Ga. App. 418, 422 (136 SE2d 544).

*Judgment affirmed. Felton, C. J., and Eberhardt, J., concur.*

ARGUED NOVEMBER 6, 1967—DECIDED NOVEMBER 20, 1967.

*Arthur K. Bolton, Attorney General, Richard L. Chambers, Assistant Attorney General, Henry T. Brice, J. Lundie Smith, Deputy Assistant Attorney General,* for appellant.

*Franklin, Barham, Coleman, Elliott & Blackburn, Ed G. Barham,* for appellee.