## 55673. MERIWETHER COUNTY v. CREAMER et al.

McMURRAY, Judge.

This is an action for wrongful death resulting when the plaintiffs' mother died from injuries received when a fire truck on which she was riding was overturned. Named as defendant was Meriwether County which owned the vehicle. Plaintiffs contend that the defendant had waived its governmental immunity in accordance with Code Ann. § 56-2437 (Ga. L. 1960, pp. 289, 673 et seq.);[1] that plaintiffs' mother was riding as an invitee passenger at the time she was injured (crushed to death); and that the defendant was negligent in a number of particulars as to the braking equipment of the vehicle. Plaintiffs seek judgment in the amount of $100,000.

The defendant answered, generally denying the claim, contending that as a political subdivision of the state it was immune at least in part;[2] the death of the plaintiffs' mother was caused, produced and brought about by the acts or omissions of others; and that it was not negligent in any manner or liable to the plaintiffs whatsoever. A pre-trial order issued in which the court set forth the various contested issues of fact as to whether or not the brake failure of the overturned truck was the proximate cause of the truck overturning and resulting death of the plaintiffs' mother, as well as whether or not the defendant is immune in whole or in part. After a trial, the jury returned a verdict of $60,500 in favor of the plaintiffs and against the defendant, and the judgment followed the verdict. Defendant moved for judgment notwithstanding the verdict or in the alternative a motion for new trial as later amended. The court heard same as two motions and denied them separately. Defendant appeals. *Held:*

---

[1,2] Under Code Ann. § 56-2437, supra, a political subdivision may obtain liability insurance by reason of ownership of any motor vehicle; and its governmental immunity shall be waived to the extent of the amount of insurance purchased. From the pleadings here, it might be inferred that some insurance apparently had been

1. An auction (fund-raising) was held in the Cove Community in Meriwether County, by the Cove Community civil defense unit for the purpose of raising money to build a fire station. The deceased was an active member of this civil defense unit. One of the county commissioners of Meriwether County was also assistant civil defense director and was the highest ranking officer of the Cove unit. This county commissioner and assistant civil defense director requested the county civil defense director to bring a fire truck, similar to the one to be obtained for the Cove Community civil defense unit, to the auction. The county civil defense director personally delivered the truck and informed this county commissioner that there was water available in the truck so that a demonstration could be held. After the auction the county commissioner/assistant civil defense director drove the truck through the rural community to demonstrate to the citizens how the truck worked. A number of the persons present were on board the truck as it left the auction site being driven by the county commissioner/assistant civil defense director. After traveling approximately three miles he allowed the truck to be driven by another member of the Cove Community civil defense unit. This second driver of the truck experienced no problem with the truck until he started from the crest of a hill when the brakes failed, skidded out of control at the bottom of the hill as the driver attempted to make a turn and flipped over on its side causing the death of the plaintiffs' mother. The testimony was undisputed that the brakes on the truck failed due to defective, corroded brake cylinders. Before the truck had been taken to the Cove Community auction it was inspected under the Georgia Motor Vehicle Inspection Act by a county mechanic, the county being licensed under the fleet inspection license to examine its own vehicles. The mechanic admitted that he drove the vehicle in testing the brakes and did not pull a wheel as required being "in a

---

purchased, but as to how much and what coverage is not determined in this case as liability insurance is not mentioned.

hurry to get the truck to the Cove."

Defendant contends that the use of the truck by the Cove Community civil defense unit in connection with its fund-raising activities was not authorized, condoned or ratified by the defendant, thus it owed no duty to anyone in connection with the unauthorized use of the vehicle. Each county is authorized and directed to establish a local organization for civil defense and nominate a civil defense director (later appointed by the Governor) who shall have direct responsibility for the organization, administration, and operation of the local organization for civil defense, subject to the direction and control of the county governing body. Code Ann. § 86-1809 (Ga. L. 1951, pp. 224, 231; 1963, p. 473; 1973, pp. 74, 83). The civil defense director testified that his job was to try to organize the people in the communities, towns and cities of the county, to organize them to prepare for disaster, that he purchased surplus army trucks for use as fire trucks, installing fire fighting equipment thereon, that he was requested by the county commissioner who was "also a deputy director of the Cove Civil Defense Unit" to deliver a truck to the fund-raising event in the Cove Community. He further testified that it would be logical for the deputy director to demonstrate the unit and that he did not tell the deputy director he could not demonstrate the unit. There was ample evidence that the county approved of the civil defense director's use of the civil defense equipment in whatever manner he thought necessary to promote the civil defense program in the county. There was sufficient evidence for the jury to determine that the single commissioner/assistant civil defense director was authorized to use the vehicle on the occasion in question. See *Marlow v. Burns,* 209 Ga. 255 (71 SE2d 520). The evidence did not demand a finding in favor of the defendant.

2. The evidence disclosed that the driver at the time of the unfortunate mishap was a member of the Cove Community civil defense unit and the deputy director authorized him to drive the vehicle. The trial court did not err in charging the jury it should consider the degree of care exercised by the driver in the operation of the fire truck at the time of the incident in question in

determining the issue of the defendant's liability, that is, " one operating a motor vehicle upon the public streets and highways of the State is bound to exercise ordinary care and diligence to avoid injuries to persons lawfully using the highways and streets," and that, "one who injures another because of failure to exercise ordinary care and diligence in the operation of a motor vehicle may be liable in damages to the person [sic] injury." The trial court did not err in refusing to charge that the operator of the vehicle at the time of the incident in question was not the agent of the defendant. The jury could infer from the evidence that the driver was a civil defense agent, servant or employee "in the performance of his official duties," albeit the jury might have determined otherwise.

3. Defendant contends the trial court erred in charging the jury concerning the duty of the plaintiffs to exercise ordinary care for their own safety as misleading because it was not contended by the defendant that the plaintiffs were negligent, but rather, that the plaintiffs' mother, the decedent, was negligent. This was inaccurate but was not misleading. While it is clear there was a mistake as between the plaintiffs and the mother of the plaintiffs, there could be no mistake as to whom the trial court was referring, even though the court referred to the plaintiffs rather than the plaintiffs' decedent. It cannot be said that inaccuracy in the charge was so misleading and obscure in meaning as to result in harmful error. See *Savannah, A. & N. R. Co. v. Williams,* 133 Ga. 679 (2), 681 (66 SE 942); *Melvin v. Askew,* 24 Ga. App. 164 (1), 166 (100 SE 49).

4. The trial court did not err in charging the jury that one who lends his vehicle to another to be driven by the latter is liable to the third person for damages resulting from the defect in the vehicle where the latter could have discovered by the exercise of ordinary care that the defect is of such a nature as to make the vehicle for the purpose furnished a dangerous instrumentality as to the third person. See in this connection *Cruse v. Taylor,* 89 Ga. App. 611 (3), 617 (80 SE2d 704); *Gregory v. Ross,* 214 Ga. 306, 311 (104 SE2d 452). It cannot be said here from the evidence that if the use of the truck was a bailment it was purely gratuitous for it was for the benefit of the county to

develop civil defense units including the Cove Community civil defense unit. The case of *Howell v. Amerson,* 116 Ga. App. 211, 212 (156 SE2d 370) is not applicable here. However, the court did charge on bailments, including gratuitous bailments.

5. The trial court did not err in failing to instruct the jury that it should determine whether or not the fire truck was put to a use at the time of the occurrence that was not intended or authorized by the defendant, although the charge as a whole covered this request. While the county civil defense authorities may have used bad judgment in allowing others to ride on the truck, nevertheless, the cause of the injury and death of the deceased arose out of the use of the truck which was for the benefit of the county. However, the court did charge the law of bailments that the loan of the truck must be used strictly for the purpose and in the manner contemplated by the party and that if it was not being used strictly for the purpose and in the manner contemplated it would not be authorized to return a verdict in favor of the plaintiffs and its verdict must be in favor of the defendant. The court also instructed the jury that "if you find from the evidence that at the time of the operation of the fire truck, it was without the consent" of the defendant "you would not be authorized to return a verdict for the Plaintiffs, and your verdict must be for the Defendant." The court substantially charged the request of the defendant.

6. The trial court fully charged on the preponderance of the evidence rule, and the written request to charge submitted by the defendant, that where there are two equally consistent theories supported by the evidence it cannot be said that the preponderance of the evidence has been carried, was argumentative and more favorable to the defendant than to the plaintiffs. There is no merit in this complaint. *Randall v. State,* 210 Ga. 435 (1a) (80 SE2d 695); *DeKalb County v. McFarland,* 231 Ga. 649, 655 (s) (203 SE2d 495).

*Judgment affirmed. Quillian, P. J., and Webb, J., concur.*

ARGUED APRIL 5, 1978 — DECIDED JUNE 27, 1978 — REHEARING DENIED JULY 13, 1978 —

*Long, Weinberg, Ansley & Wheeler, Palmer H. Ansley, John H. Stanford, Jr., Bray & Belk, Claude A. Bray, Jr.,* for appellant.
*Elliott & Turner, Tyron Elliott,* for appellees.