59389, 59390. BUTLER v. SHIRAH (two cases).

McMurray, Presiding Judge.

These two wrongful death actions arising from the same incident will be considered together.

Plaintiff's decedent, her unmarried minor son, was fatally injured when a wheel fell off a farm tractor which his father was driving and upon which he was riding as a passenger.

The father of the decedent, J. D. Butler, share-cropped tobacco with Shirah Farms, a corporation, in the farming business managed by Emory Shirah. On the morning of the incident involved here, the decedent was working with his father in tobacco. At approximately 11:30 a.m., J. D. Butler, allegedly acting as an employee of Emory Shirah, borrowed the tractor in question from Don Shirah, a nephew of Emory Shirah who operated a neighboring farm. The tractor was to be driven to a location on the property of Shirah Farms to aid in driving cattle. Several individuals, including the decedent, rode on the tractor as passengers, resting on the fenders and tow bar of the tractor. After going a short distance the left rear wheel of the tractor began to wobble and then fell off, causing the injuries to the decedent from which he died.

The plaintiff filed these wrongful death actions predicated on the alleged defective condition of the tractor naming as defendants, Don Shirah, the owner and bailor of the tractor in question, and Emory Shirah, alleged bailee of the tractor. After discovery, both defendants made their motions for summary judgment which were granted. Plaintiff appeals in both cases. *Held:*

1. In *Howell v. Amerson,* 116 Ga. App. 211, 212 (2) (156 SE2d 370), this court adopted the rule stated in 8 AmJur2d 1043, Bailments, § 148, which states: "Where a bailment is purely gratuitous, and created for the exclusive benefit of the bailee, as where articles are loaned to another simply for his own use, without any reward or compensation being received from him by the lender, the bailor's only duty in respect of defects is to inform the bailee of any of which he is aware and which might make the use of the subject of the loan perilous to the bailee or to his servants. The ground of this obligation is that when a person lends he ought to confer a benefit, and not do a mischief. But the obligation of a mere lender goes no further than this, and he cannot therefore be made liable for not communicating anything which he did not in fact know, whether he ought to have known it or not."

As plaintiff points out, a higher standard of care is imposed on the bailor in the case of a bailment for hire, that is, a duty to use

ordinary care to ascertain that the subject of the bailment has no hidden defects rendering it dangerous. See in this regard *Hertz Driv-Ur-Self Stations v. Benson,* 83 Ga. App. 866, 874 (3) (65 SE2d 191). The evidence submitted on the motion for summary judgment shows that Emory Shirah and Don Shirah have in the past and continue to this day to borrow farm equipment from each other when needed and convenient as well as to lend and borrow equipment with other neighboring farms. There is no formal arrangement or exchange of promises in this relationship. There is just the expectation or understanding that such conduct is customary.

In the face of the specific evidence indicating that there is no agreement or exchange of promises under which this lending of equipment occurs, the most that may be inferred is that the farms involved in such transactions have a motive in lending their equipment, this motive being the hope that their neighbors will reciprocate when needed. Such a motive, however, is not consideration. *Dumas v. Todd,* 93 Ga. App. 540, 542 (92 SE2d 265); *Newton v. Roberts,* 36 Ga. App. 156, 157 (4) (136 SE 98).

Therefore, due to the absence of consideration for the lending of the tractor in question, the evidence presented requires a holding that the lending of the tractor by Don Shirah was gratuitous and entirely for the benefit of the bailee. Applying the duty of care of the gratuitous bailor that he divulge any known defects in the subject of bailment we find that the evidence clearly shows that Don Shirah was aware of no defect in the tractor at the time he loaned it to Emory Shirah. Therefore, the trial court did not err in granting summary judgment in favor of the defendant Don Shirah.

2. The plaintiff has alleged in her sworn complaint that her deceased son was an employee of defendant Emory Shirah and was in the scope of his employment at the time of his death. Defendant denies this contention and by his affidavit states that the decedent was not his employee. Assuming for summary judgment purposes that the plaintiff's contention is proven and the provisions of Code § 66-301, imposing upon a master the duty to exercise ordinary care in furnishing equipment which is in a reasonably safe condition for those who operate it with ordinary care and diligence is applicable, then, also applicable is Code § 66-303 which provides that: "A servant assumes the ordinary risks of his employment, and is bound to exercise his own skill and diligence to protect himself. In suits for injuries arising from the negligence of the master in failing to comply with the duties imposed by section 66-301, in order that the servant may recover it must appear that the master knew or ought

to have known of . . . the defects or danger in the machinery supplied; and it must also appear that the servant injured did not know and had not equal means of knowing such fact, and by the exercise of ordinary care could not have known thereof."

The uncontroverted evidence shows that the decedent during the morning prior to his fatal injury was himself operating the tractor in question and thus had an equal if not superior means of knowing the condition of the tractor than did the defendant Emory Shirah. Due to the decedent's equal or superior opportunity to determine the condition of the tractor, the decedent is deemed to have assumed any risk stemming from any defect in the tractor. See in this regard *Threlkeld v. Anthony,* 36 Ga. App. 227 (136 SE 285).

Plaintiff contends that her deceased son was an employee of defendant Emory Shirah. If the decedent were not an employee of the defendant, then he would have been no more than a guest passenger to whom only the duty of slight diligence is owed. *Holtsinger v. Scarbrough,* 69 Ga. App. 117 (1) (24 SE2d 869).

The evidence presented on motion for summary judgment required a finding that neither the defendant Emory Shirah nor his servants were guilty of gross negligence in regard to this incident. The evidence shows that there had never before been a failure of the tractor wheel of the nature which occurred and that within the hours preceding the injury to plaintiff's decedent several individuals, including the decedent, had operated the tractor without discovering any indication of defect or malfunction. The owner of the tractor performed regular maintenance on the tractor and had operated it shortly before the date of the incident at which time there was no apparent defect.

For the reasons cited above the trial court did not err in granting summary judgment in favor of the defendants, respectively, in each of these cases.

*Judgments affirmed. Banke and Sognier, JJ., concur.*

SUBMITTED FEBRUARY 4, 1980 — DECIDED MARCH 21, 1980.

*Fred B. Hand, Jr.,* for appellant.
*Frank S. Twitty, D. D. Rentz,* for appellees.