## 61665. LAKESIDE FORD, INC. v. WHITE.

SOGNIER, Judge.

Appellee White delivered his pickup truck to appellant Lakeside Ford, Inc., on Tuesday, October 20, 1979 for the purpose of having it checked. On Friday, November 2, 1979, after appellant had checked the vehicle, he recommended that appellee pick up the truck and take it back to his home town dealer in Baxley who had recently worked on the vehicle's transmission. Appellee told appellant he wanted to leave his truck with appellant for another week and would pick it up the following weekend. No compensation or storage fee was paid to appellant by appellee. On November 4, 1979 a theft was discovered on appellant's premises and later it was determined that tools and equipment had been stolen from appellee's truck.

Appellee brought the instant suit seeking recovery of the value of his tools. The jury returned a verdict in favor of appellee and appellant's motion for a new trial was denied.

Appellant contends that the trial court erred in failing to give a requested charge on the responsibility of a gratuitous bailee. The trial court correctly charged on the duties of a bailee where the bailment is for the mutual benefit of the parties but gave no charge on a gratuitous bailment. Since there was evidence in the case from which the jury could have found the bailment to be gratuitous, the requested charge being in proper form, the trial court erred in failing to give the requested charge. See, generally *Merchants National Bank of Savannah v. Guilmartin,* 88 Ga. 797 (15 SE 831) (1892).

*Judgment reversed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED JUNE 24, 1981 —
REHEARING DENIED JULY 7, 1981

*Wilson R. Smith,* for appellant.
*Joel D. Burns, Charles E. Moore,* for appellee.