A93A1649. PRINCE v. ATLANTA COCA-COLA BOTTLING COMPANY.

(435 SE2d 482)

BIRDSONG, Presiding Judge.

Lisa Prince appeals from the grant of summary judgment to defendant Atlanta Coca-Cola Bottling Company, a division of Coca-Cola Enterprises, Inc. (ACCBC). Defendant Phar-Mor, having filed a no-

tice of bankruptcy petition in the United States Bankruptcy Court for the Northern District of Ohio, is not a party to this appeal.

Phar-Mor sponsored a promotional event featuring entertainment by a live radio station and refreshments from a special events wagon of ACCBC. Appellant was crossing the parking area to enter the Phar-Mor store to make a purchase when she slipped and fell, apparently in a puddle of water which leaked from the ACCBC special events wagon.

Appellant filed suit for injuries, claiming, inter alia, that ACCBC contracted with Phar-Mor to provide refreshments during the promotional event; that being distracted by various activities which Phar-Mor created by inviting a local radio station to perform during the promotional, appellant was not aware or made aware by defendants of the water puddle which had formed near the ACCBC trailer where defendant Coca-Cola was serving refreshments; that plaintiff was injured when she went through this puddle, slipped and fell; that ACCBC was negligent in failing properly to maintain the area surrounding its refreshment trailer; that ACCBC was negligent in allowing drain water from the trailer to accumulate around the area knowing the condition was dangerous; that ACCBC was negligent by failing to warn appellant of this slippery, dangerous, and unsafe condition; and that her injuries were a direct and proximate result of ACCBC's negligence and breach of duty.

An affidavit filed by ACCBC's plant manager in support of its motion for summary judgment reflects these uncontroverted facts: a Coca-Cola special events wagon was provided to Phar-Mor, at the latter's request, for a Phar-Mor event; ACCBC did not charge Phar-Mor for the use of the wagon; "Phar-Mor and its customers paid only for the [wagon] set-up and the products that Phar-Mor sold from the wagon"; the wagon was delivered to the Phar-Mor facility by an ACCBC employee and placed in the parking lot at the location instructed by Phar-Mor employees; ACCBC did not provide employees to staff the wagon; the wagon was staffed by Phar-Mor employees who served soft drinks and food from the wagon; ACCBC neither owns, nor operates, nor has any control over the premises where the incident occurred; ACCBC neither manufactured nor designed the wagon. ACCBC had no knowledge of the incident until several months later. *Held*:

1. On motion for summary judgment, "the opposing party should be given the benefit of all reasonable doubt, and the court should construe the evidence and all inferences and conclusions arising therefrom most favorably toward the [opposing] party." *Langford v. Royal Indem. Co.*, 208 Ga. App. 128 (1) (430 SE2d 98). Nevertheless, a defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case. Instead, "the burden on

the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474). If the moving party discharges this burden, as in this case, the nonmoving party cannot rest on its pleadings, but must point to specific evidence giving rise to a triable issue. Id.

2. The parties in this case have advanced various theories of premises liability; however, any liability of ACCBC for the injury of appellant is controlled by the law of bailment, specifically the legal duty, if any, owed by a bailor (ACCBC) for the injuries sustained by appellant (third party) as a result of an alleged defect of the bailed chattel (the special events wagon). See generally OCGA § 44-12-40. Phar-Mor, not ACCBC, was the occupier of the land where the incident occurred. Compare *Church's Fried Chicken v. Lewis*, 150 Ga. App. 154 (256 SE2d 916).

OCGA § 44-12-63 establishes the obligations of a bailor for hire and pertinently provides: The obligations of the bailor of things are: "(2) To keep the thing in suitable order and repair for the purposes of the bailment; and (3) To warrant the right of possession and that the thing bailed is free from any secret fault rendering it unfit for the purposes for which it is hired." See generally *Parker v. Loving & Co.*, 13 Ga. App. 284 (79 SE 77). *Hertz Driv-Ur-Self &c. v. Benson*, 83 Ga. App. 866, 874 (3) (65 SE2d 191) in effect "recognizes that the bailor, entrusting [a chattel] to [a bailee] for immediate operation, has a duty of using ordinary care to ascertain that the [chattel] has no hidden defects rendering it dangerous, and that this duty extends to those persons within the range of foreseeable operation of the [chattel]. . . . Since the bailor's duty extends to persons other than the parties to the actual bailment contract, the limits of the bailor's liability are not to be determined alone by the provisions and warranties of the contract of bailment, but also by the limits imposed by the doctrine of proximate cause, that is, whether the defendant [ACCBC] should have foreseen the consequences of [its alleged] negligence, as a natural and probable result."

But, if the " 'bailment is purely gratuitous, and created for the exclusive benefit of the bailee, as where articles are loaned to another simply for his own use, without any reward or compensation being received from him by the lender, the bailor's only duty in respect of defects is to inform the bailee of any *of which he is aware and which might make the use of the subject of the loan perilous* to the bailee or to his servants.' " (Emphasis supplied.) *Howell v. Amerson*, 116 Ga. App. 211 (2) (156 SE2d 370); accord *Butler v. Shirah*, 154 Ga. App. 111 (1) (267 SE2d 647). "Thus, it is essential that a bailor use ordinary care to inspect the bailed article before delivery to ascertain if it

was in a reasonably safe condition to avoid injury to another." *Hall v. Skate Escape*, 171 Ga. App. 178, 179 (319 SE2d 67). "A bailor violating his obligation to furnish property reasonably fit for the purpose for which hired [or his obligation to inspect the bailed article before delivery to ascertain if it was in reasonably safe condition] may be liable to third persons using such property, at the bailee's invitation, for injuries caused by its being in improper condition when delivered to the bailee, *but not for injuries resulting from a dangerous condition which arises after delivery*, and a bailor intrusting a dangerous article to his bailee, knowing that it will be used in such a manner as to endanger persons and property; is liable for any injury which, by the exercise of ordinary prudence, he could have foreseen." (Emphasis supplied.) 8 CJS, Bailments, § 97.

Whether a bailment is gratuitous has on occasion presented an issue for the factfinder. See *Lakeside Ford v. White*, 159 Ga. App. 182 (283 SE2d 47). Normally, however, "the character of a particular bailment, whether gratuitous or not, is to be determined by the contract between the parties to it." *Merchants Nat. Bank of Savannah v. Guilmartin*, 88 Ga. 797, 804 (2) (15 SE 831). In determining whether a bailment is gratuitous or one for hire, "the possibility of some undisclosed benefit is not enough to render the bailment one for hire; there must be an understanding or arrangement, express or implied, between the parties, whereby the bailee has received or has a right to expect and demand something for his benefit. [Cit.] Casual or incidental benefits which he would have to surrender at the will of the bailor, do not amount to a consideration. There must be a compensation of some sort actually contemplated in the contract and bargained away by the bailor." Id. at 804-805 (2). Absent an agreement or exchange of promises for the lending of a chattel (in this instance the wagon itself), which is supported by consideration, award, or compensation, the most that may be inferred from the act of lending is that the bailor had some self-serving motive; a showing of bare motive, however, does not establish that consideration, award, or compensation necessary for a bailment for hire. See *Butler*, supra at 112 (1). In such circumstances, "the evidence presented requires a holding that the lending of the [special events wagon] by [ACCBC] was gratuitous and entirely for the benefit of the bailee [Phar-Mor]." Id. Compare *Meriwether County v. Creamer*, 146 Ga. App. 651, 654 (4) (247 SE2d 178) where this court concluded that the evidence failed to establish a bailment of a fire truck was purely gratuitous when it was for the benefit of the county in order to develop civil defense units.

In this case, the affidavit of the plant manager of ACCBC met appellee/movant's burden under *Lau's Corp.*, supra, to point out "an absence of evidence" to support appellant's claim that appellee contracted with Phar-Mor to provide refreshments in the Coca-Cola spe-

cial events wagon under a bailment for hire. As appellee so discharged its burden, appellant/nonmovant could not rest on its pleadings. However, appellant has failed to come forward and "point to specific evidence giving rise to a triable issue" under a gratuitous bailment claim. See generally *Lau's Corp.*, supra. As a gratuitous bailor, defendant ACCBC had no legal duty to maintain properly the area surrounding the refreshment wagon as averred in the complaint, particularly after the wagon was delivered and placed under the bailee's control for its use. Likewise, ACCBC had no legal duty to prevent drain water from the wagon from accumulating around the surrounding area, as such accumulation (whether or not giving rise to a dangerous condition) occurred only *after* the delivery of the chattel to the bailee. Likewise, ACCBC had no legal duty to warn appellant of any slippery, dangerous, or unsafe conditions existing in the vicinity of its refreshment stand when such condition arose from water being allowed to drain on the ground *after* the wagon had been delivered and placed under the bailee's control. Further, the complaint does not reasonably give notice of the averment of any products liability claim against ACCBC for negligent design or manufacture of the wagon, and the plant manager's affidavit expressly states the fact, without controversion, that ACCBC did not design or manufacture the bailed chattel.

Applying the summary judgment standard of *Lau's Corp.*, supra, we conclude the trial court did not err in granting summary judgment to appellee ACCBC; appellant's contentions in support of her enumeration of error are without merit.

*Judgment affirmed. Pope, C. J., and Andrews, J., concur.*

DECIDED AUGUST 23, 1993.

*Greer, Klosik & Daugherty, Charles M. Morris*, for appellant.
*Neely & Player, Edgar A. Neely, Jr., William C. Thompson, Laura A. Shaw, Gleaton, Scofield & Egan, W. Seaborn Jones*, for appellee.

