## A96A1458. BENFORD et al. v. RDL, INC.
(479 SE2d 110)

ANDREWS, Judge.

Mr. Benford and his wife appeal from the trial court's grant of summary judgment to RDL, Inc. d/b/a Rocky Mountain Ski Shop in Mr. Benford's suit alleging breach of warranty, breach of contract, and negligence and Mrs. Benford's claim of loss of consortium.

1. Viewed under the standard of *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991), the evidence on summary judgment was that Mr. Benford went to the ski shop on December 12, 1992 to rent skis and boots for an upcoming ski trip. He was assisted by Cooper,

who asked Benford to pick out a pair of boots and to complete and sign a Rental Agreement and Release of Liability. Benford acknowledged reading, initialling, and signing the document which states that:

"I accept for use as is the equipment listed on this form and accept full responsibility for the care of this equipment. I have made no misrepresentations to this ski shop regarding my height, weight, age or skiing ability.

"I understand and am aware that skiing is a HAZARDOUS activity. I understand that the sport of skiing and the use of this ski equipment involve a risk of injury to any and all parts of my body. I hereby agree to freely and expressly assume and accept any and all risks of injury or death to the user of this equipment while skiing.

"I understand that the ski equipment being furnished forms a part or all of a ski-boot-binding system which will NOT RELEASE at all times or under all circumstances, and that it is not possible to predict every situation in which it will or will not release, and that its use cannot guarantee my safety or freedom from injury while skiing. I further agree and understand that this ski-boot-binding system may reduce but NOT eliminate the risk of injuries to the lower portion of my leg. However, I agree and understand that this ski-boot-binding system does NOT reduce the risk of injuries to my knees or any other parts of my body.

"I agree that I will release this ski shop from any and all responsibility or liability for injuries or damages to the user of the equipment listed on this form, or to any other person. I agree NOT to make a claim against or sue this ski shop for injuries or damages relating to skiing and/or the use of this equipment. (Please initial _____) [Benford's initials].

"In consideration for being able to rent this ski equipment, I hereby agree to accept the terms and conditions of this contract. This document constitutes the final and entire agreement between this ski shop and the undersigned. There are NO WARRANTIES, express or implied, which extend beyond the description of the ski equipment listed on this form.

"I have carefully read this agreement and release of liability and fully understand its contents. I am aware that this is a release of liability and a contract between myself and this ski shop and I sign it of my own free will."

Pursuant to the height, weight, and skill level information provided by Benford, Cooper set the bindings of the skis at 5½. This setting was based on a chart used in the business which the person doing the settings consults and then makes adjustments to the bindings, toes and heels of the boots.

Benford picked the skis up on December 26 and left with his wife

and some friends on a ski trip. On the first day of the trip, Benford had made six or seven ski runs and had fallen uneventfully a couple of times. These falls did not cause the bindings to release. On his last run, Benford was in the process of coming to a stop to assist his wife who had fallen. Because of a change in the slope where he stopped, his center of gravity got out over his skis and he fell. While the right ski did release, the left one did not and he tore ligaments in his left knee. When he returned the skis to the shop, he was given a free week ski rental, good any time.

Because Benford was injured and contended the skis did not release, Jackson, the store manager, had the bindings tested with the Vermont Calibrator, a device used to measure the torque it takes to remove a boot from its binding, and the skis rented by Benford passed the test. All skis rented by the ski shop were tested on this device once a year, and randomly selected sets were tested periodically.

2. Benford acknowledges that these facts establish the relationship of bailor-bailee, pursuant to OCGA § 44-12-60. Therefore, the relationship between them is governed by the terms of the Rental Agreement and the statutory obligations of a bailor under OCGA § 44-12-63. *Mark Singleton Buick v. Taylor*, 194 Ga. App. 630, 632 (1) (391 SE2d 435) (1990); *Hall v. Skate Escape, Ltd.*, 171 Ga. App. 178 (319 SE2d 67) (1984).

3. Benford has failed totally to come forward with evidence concerning negligence by the ski shop. *Lau's Corp.*, supra; *Prince v. Atlanta Coca-Cola Bottling Co.*, 210 Ga. App. 108, 109 (1) (435 SE2d 482) (1993).[1]

Also, even assuming some negligence had been shown, "[i]n Georgia, the general rule is that a party may exempt himself by contract from liability to the other party for injuries caused by his negligence, and the agreement is not void for contravening public policy. [Cits.]" *Hall*, supra at 179. Here, the agreement clearly and prominently did just that. *Mercedes-Benz Credit Corp. v. Shields*, 199 Ga. App. 89, 91 (403 SE2d 891) (1991).

4. Benford's claims of breach of warranty and contract suffer the same fate. There is no showing by Benford of any latent defect in the skis or bindings, such as that in *Hall*, supra. Therefore, the covenant not to sue is not in contravention of OCGA § 44-12-63 (3). *Mercedes-Benz*, supra; *Citicorp Indus. Credit v. Rountree*, 185 Ga. App. 417, 422 (2) (364 SE2d 65) (1987). It is difficult to envision how the waiver language here could have been any clearer.

---

[1] Even had he been able to do so, this is one of those rare cases where, as a matter of law, it can be said that Benford assumed the risk of exactly what happened to him. *Beringause v. Fogleman Truck Lines*, 200 Ga. App. 822, 823 (409 SE2d 524) (1991).

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED DECEMBER 4, 1996 — 

*James B. Gurley*, for appellants.
*Long, Weinberg, Ansley & Wheeler, Kenneth M. Barre*, for appellee.