11635.  WIDINCAMP *et al. v.* McCALL.

1. Testimony as to what the witness "found out that cotton was worth" in a named place on a certain day was admissible over the objection that it was hearsay.
2. Exceptions to the refusal of the trial judge to give certain requested instructions to the jury will not be considered where the whole charge given to the jury is not sent up to this court and it does ·not appear that the charge failed to cover substantially the requested instructions. And this court will not order that the charge given be sent up under section 6149 (4) of the Civil Code where it does not appear that the charge was in writing or on file in the office of the clerk of the trial court.

DECIDED NOVEMBER 2, 1920.

Trover from Tattnall superior court — Judge Sheppard.  May 1, 1920.

*Elders & DeLoach,* for plaintiffs in error.

*W. T. Burkhalter,* contra.

SMITH, J.  1.  The court did not err in admitting, over the objection that it was hearsay, the testimony of a witness as follows: "I went to the Bluff to carry one load of cotton and I found out that cotton was worth more in Reidsville that same day, and I went back that evening and I told Mr. Edd that night."  The real purport of the testimony of the witness was that he went to Reidsville and, after an investigation, found out that the market price of cotton on that date, the date of the alleged sale from the plaintiff to the defendant, was higher than the defendant had represented to the plaintiff.  "Direct testimony as to market value is in the nature of opinion evidence.  One need not be an expert or dealer in the article, but may testify as to value, if he has had an opportunity for forming a correct opinion."  Civil Code (1910), § 5875.  "The question of the value of an article is peculiarly for the jury, and that body is not absolutely bound by the opinions or estimates of

the witness on that subject." *Minchew* v. *Nahunta Lumber Co.,* 5 *Ga. App.* 154 (3) (62 S. E. 716).

2. The remaining ground of the amendment to the motion for a new trial contains a copy of a request to charge, the refusal of which is alleged to have been error. Under the following ruling of this court this ground of the motion will not be considered: "Where error is assigned upon a refusal of the trial judge to give certain requested instructions to the jury, and it is not shown that the request was not substantially covered by the charge given by the court, and the entire charge was not brought up, this court is unable to determine whether such refusal was erroneous or not; and where it does not appear, from the bill of exceptions or from the record brought up, that the charge of the court was reduced to writing or was on file in the office of the clerk of the court below (Penal Code, §§ 1056, 1057), this court will not order it sent up under section 6149 (4) of the Civil Code." *Sovereign Camp* v. *McDaniel,* 20 *Ga. App.* 430 (4) (93 S. E. 105).

3. There was evidence to sustain the verdict, and, it having the approval of the trial judge, this court will not reverse his judgment overruling the motion for a new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*