SCHUMPERT *v.* CARTER *et al.*

No. 9080.   November 15, 1932.

*Roy S. Drennan,* for plaintiff in error.   *Judson Andrews,* contra.

Hill, J.   J. C. Carter and J. S. Dudley filed suit against H. B. Schumpert, alleging that the defendant was indebted to them in the sum of $581.50 for labor performed by them for the defendant in the improvement of certain described property, the labor being laying brick in the erection of two houses.   Petitioners alleged that they had completed the work, and within three months thereafter they had recorded their lien against the property in the office of the clerk of the superior court of DeKalb County; that the defendant was insolvent; that he had started building operations on a number of houses; that his assets were intermingled in the financing of these properties, and an administration of his assets through a court of equity was necessary.   The prayers were, for judgment for the amount claimed to be due on the contract; that said judgment be made a special lien on the described property; that the lien be foreclosed against the land; that other creditors similarly situated be allowed and required to intervene in this suit and have their rights and priorities established, and that they be enjoined from prosecuting separate actions; that a receiver be appointed for the property described; and for general relief.   The defendant answered, averring that the plaintiffs had agreed to do the work on the property in question in a first-class manner, but they failed so to do, in that the brick work was defective in a manner stated.   The jury returned a verdict for the plaintiffs for the amount sued for.   The defendant's motion for new trial was overruled, and he excepted.

■   The court did not err in the admission of the evidence of the witness referred to in the first ground of the amendment to the motion for new trial.   Not only is direct testimony as to market value in the nature of opinion evidence, but one need not be an expert in order to testify as to value if the proposed witness has had an opportunity for forming a correct opinion, and it appears from the record that this witness had had such opportunity as to qualify him

to give an opinion as a non-expert from the facts stated by him. *Central Georgia Power Co.* v. *Cornwell,* 139 *Ga.* 1 (76 S. E. 387, Ann. Cas. 1914A, 880).

■ The second special ground the motion for new trial is not sufficiently definite in itself to present any question for the consideration of the court.

■ The third assignment of error is without merit. An examination of the charge of the court evidences that the jury were correctly instructed that the defendant would be entitled to a deduction from the contract price in the event the work was not done in a first-class "workmanship manner." The exception relating to the "extent of the deterioration and the fair market value of the houses," as shown by the evidence, is insufficient of itself to present anything for the consideration of the court.

■ The assignment in the fourth ground leaves the court in doubt and to determine for itself as to what was the "rule by which the jury could measure or determine the value or lack of value of any purported expert testimony." The description of the objectionable evidence, "with reference to the subject-matter of their testimony, especially with reference to the contention of the defendant that the fair market value of the houses were depreciated by the manner and form of the work performed by the plaintiffs," is so vague and indefinite as not even to enable the court to conjecture the point sought to be raised.

■ In the fifth ground complaint is made that the court omitted to charge, without a request, "upon the general law of circumstantial evidence, there being in the evidence a great deal of circumstantial evidence tending to substantiate the contention of the defendant with reference to the character of the work, by showing that the walls and brick work had cracked, said showing constituting circumstances which the jury should have been instructed to consider after having been given the rule with reference to circumstantial evidence." Even if the statement that the court failed to charge "upon the general law of circumstantial evidence" is sufficient to present the point suggested, there was no error in the omission to charge of which complaint is made. The instructions of the court as to the duty of the jury in regard to the consideration of the credibility of the witnesses, as set forth in the Civil Code (1910), § 5732, were sufficient upon this point, in the absence of a

timely and appropriate request calling attention to the specific point to which the plaintiff in error desired the attention of the jury to be directed.

The evidence is voluminous and conflicting in its nature, but the jury were authorized to find in favor of the plaintiffs; and no error of law having been committed as complained of, the trial court did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur.*