36272. McKINNEY *v.* WOODARD.

DECIDED SEPTEMBER 20, 1956.

342

*Miller, Miller & Miller,* for plaintiff in error.

*Jacobs & Gautier,* contra.

NICHOLS, J.   The plaintiff in his amended motion for new trial complains of various quoted excerpts of the charge which he contends expressed an opinion by the trial judge that there was a construction contract between the parties when one of the issues was whether the contract between the parties was for the construction of a particular house of the real estate sold or whether it was just a contract for the purchase and sale of this described tract of real estate, that the wrong measure of damages was charged with reference to the contention of the defendant that there was a construction contract which the plaintiff had breached, that the charge placed an undue burden on the plaintiff with reference to the burden of proof, and that the trial court erred in failing to charge certain quoted requests to charge tendered in writing to the trial judge before he began charging the jury.

"A request to charge the jury, directed to the trial judge, submitted in writing before the retirement of the jury, must be entirely correct and accurate; it must be adjusted to the pleadings, the law, and the evidence in the case; it must not be argumentative; and it must not seek an expression of opinion on the part of the trial judge." *New York Life Ins. Co.* v. *Thompson,* 50 *Ga. App.* 413 (1) (178 S. E. 389).   See also, *Sims* v. *Martin,* 33 *Ga. App.* 486 (5) (126 S. E. 872).   In the present case the contention of the plaintiff that the trial court erred in failing to charge the jury the written requests tendered by him is without

merit inasmuch as such written requests were not adjusted to the pleadings and evidence.

■ The plaintiff contends that the trial court erred in charging the jury in substance that the measure of damages on the cross-action would be the cost to the defendant to bring the house up to the specifications allegedly agreed upon in the oral contract rather than that the measure of damages would be the difference in the market value of the house in its present condition and its value if it had been completed as agreed between the parties. It is unnecessary to decide if the proper charge was given the jury in this regard since the only witness that testified with reference to the costs of correcting the alleged defects testified the cost of correcting them would be approximately $3,275, while the only testimony as to the difference in the market value of the property in its present condition and its market value with the corrections made would be between $6,000 and $6,500. Therefore, if this charge was error it was harmless as far as the plaintiff, who sold the real estate, is concerned.

■ The plaintiff contends that the charge of the court placed an undue burden of proof on him. The charge of the court with reference to the burden of proof was substantially that the burden of proof was upon the plaintiff with reference to the petition and upon the defendant with reference to the allegations of the cross-action. If additional instructions were desired by the plaintiff with reference to the burden of proof they should have been the subject of timely written requests in accordance with the requirements of Code § 81-1101. See also *Malleable Iron Range Co.* v. *Caffey*, 64 *Ga. App.* 497 (4) (13 S. E. 2d 722); and *Cone* v. *Davis*, 66 *Ga. App.* 229, 237 (17 S. E. 2d 849).

An examination of the entire charge does not reveal that it expressed any opinion of the trial judge as contended by the plaintiff.

■ The remaining special ground of the amended motion for new trial is but an amplification of the general grounds and will not be considered separately.

The evidence presented on the trial of the case was in sharp conflict, there was hardly a word of testimony that was not contradicted by some other witness; however, the verdict returned by the jury was authorized by the evidence, and if the contention

of the plaintiff that the defendant was bound by his answer which alleged that the sale price was represented to the Macon Federal Savings & Loan Association in order to obtain a larger loan is correct, the verdict was still authorized by the evidence since there was evidence that the plaintiff was giving the defendant credit for the difference between the amount lent by the Macon Federal Savings & Loan Association and the sales price of real estate whatever it was.

The trial court did not err in denying the plaintiff's amended motion for new trial.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*