38531.   STATE HIGHWAY DEPARTMENT v.
ROBINSON.

DECIDED JANUARY 6, 1961.

*Eugene Cook, Attorney-General, Paul Miller, Assistant Attorney-General, Payne & Heard, E. Freeman Leverett; Woodrow Lavender,* for plaintiff in error.

*Williford & Grant,* contra.

NICHOLS, Judge. ■ Special ground 9 of the amended motion for new trial complains that certain evidence (as to the damage caused to merchandise by the condemnee having to move it), was admitted over objection that such evidence should have been excluded. The condemnee offered such evidence and the condemnor objected because "it was immaterial and irrelevant."

"An objection that evidence is illegal, immaterial, irrelevant, prejudicial, inadmissible, and a conclusion, without showing wherein such evidence is so characterized is insufficient and will not be considered. See *Deen v. Baxley State Bank,* 62 Ga. App. 536, 537 (8 S. E. 2d 689), and citations." *Slater v. Russell,* 100 Ga. App. 563, 565 (112 S. E. 2d 178). Such objection fails to present any question for decision.

■ Special ground 4 complains of the following excerpt from the charge to the jury while special ground 5 complains of the italicized portions thereof: *"It is your duty in this case to determine the sum of money representing just and adequate compensation for the property actually taken by the State Highway Department. The condemnee is entitled to a sum which may restore the money loss consequent to the taking or injury. This consists generally of the fair market value of the property taken.* The Constitution of Georgia provides that the basis of recovery in cases of condemnation is stated to be just and adequate compensation. I charge you that the Constitution does not require in all cases the fair market value of the property taken to be used as a basis of determining just and adequate compensation, although as stated, the measure is governed by determining the fair market value of the property actually taken. *I further charge you that the constitutional provision as to just and adequate compensation does not necessarily restrict the owner's recovery to*

*market value. The owner or condemnee is entitled to just and adequate compensation for his property, that is, the value of the property to him, not its value to the State Highway Department. The measure of damages for property taken by the right of eminent domain being compensatory in its nature is the pecuniary loss sustained by the owner, taking into consideration all relevant factors that may be disclosed by the evidence. I charge you, however, that generally speaking the measure of damages is the market value of the property actually taken and when this would give just and adequate compensation to the owner, this rule is to be applied by you.*" (Italics ours.) Special ground 6 complains of the following excerpt of the charge: "I charge you that the word value as used in the law relating to eminent domain or condemnation in Georgia is a relative term, depending upon the circumstances, and in determining such value the measure of damages is not necessarily, as I have stated, the market value but may be the fair and reasonable value of the property taken if you find that the market value would not coincide with the actual value of the property taken. While market value is the general yardstick in a condemnation proceeding, there may be circumstances in which market value and actual value are not the same, and in such event the jury may consider the actual value of the property therein appropriated. In determining just and adequate compensation under the Constitutional provision, market value and actual value will ordinarily be synonymous. If they are not, that value which will give just and adequate compensation is the one to be sought by the jury in rendering its verdict. Of course, your consideration should be solely with pecuniary value, whether market or actual, not with speculative, sentimental, whimsical or any other value not capable of mathematical calculation."

In the case of *Housing Authority of Savannah v. Savannah Iron &c. Works,* 91 Ga. App. 881, 885 (87 S. E. 2d 671), it was said, with reference to excerpts of the charge which were very similar to those in the present case: "The excerpts were taken almost verbatim from previous cases before this court, in which it was held that, while market value is the general yardstick in a condemnation proceeding or a suit for compensation in the

nature of a condemnation proceeding, there may be circumstances in which market value and actual value are not the same, and in such event the jury may consider the actual value of the land or interest therein appropriated. See *Housing Authority of Savannah v. Savannah Iron & Wire Works*, [90 Ga. App. 150, 82 S. E. 2d 244]; *Elbert County v. Brown*, 16 Ga. App 834 (4) (86 S. E. 651); *Housing Authority of Augusta v. Holloway*, 63 Ga. App. 485 (11 S. E. 2d 418); *A. C. L. R. Co. v. Postal Telegraph-Cable Co.*, 120 Ga. 268, 281 (48 S. E. 15, 1 Ann. Cas. 734); *Harrison v. Young*, 9 Ga. 359. This court, having examined the three Court of Appeals decisions next above cited in conjunction with the Supreme Court cases above cited, is of the opinion that they state a sound rule of law, and accordingly, the request to overrule the former decisions of this court holding to this effect is denied. The term 'actual value' is used in *Code* § 36-504, providing that, in considering consequential damages and benefits, the section 'shall not be so construed as to deprive the owner of the *actual value* of his property so taken or used.' In determining just and adequate compensation, under the constitutional provision, market value and actual value will ordinarily be synonymous. If they are not, that value which will give 'just and adequate compensation' is the one to be sought by the jury in rendering its verdict." Accordingly, there is no merit is these special grounds of the motion for new trial, since under the evidence in the present case the jury was not bound to find that "fair market value" was synonymous with "just and adequate compensation," and, for the same reasons above quoted, the request to certify the questions presented by these grounds of the motion for new trial to the Supreme Court is denied.

■ Special ground 7 complains of an excerpt from the charge wherein the court instructed the jury that the cost of removing merchandise from the building being condemned and the damage caused to such merchandise by such removal could not be considered as separate elements, that is "recoverable items of damages in and of themselves," but that they could be considered as factors which might illustrate what amount of money would be just and adequate compensation to the condemnee. Evidence

was admitted without proper objection as to the damage done to merchandise when it was being moved from the condemnee's premises and also as to the cost of moving such merchandise.

In the case of *Housing Authority of Savannah v. Savannah Iron &c. Works,* 90 Ga. App. 150, 162, supra, this court, while dealing with demurrers in an action by a lessor of property taken without just and adequate compensation being first paid, held that allegations as to the cost of removing improvements from the property condemned, while not recoverable as a separate item, are properly alleged as background information to illustrate just and adequate compensation. It was further said in such case that, where such evidence is admitted, it is the duty of the court to fully explain the purpose for which such evidence is admitted. The charge complained of in this ground of the motion for new trial was necessary under the evidence adduced and was not error for any reason assigned.

■ Special ground 8 complains that the trial court erred in charging the jury that it might consider, in determining just and adequate compensation for the property taken, the value of the property for other purposes other than that for which it was being used at the time of the condemnation. The complaint with such excerpt of the charge is that there was no evidence as to the capabilities of the property taken for any use other than the use to which it was being put by the condemnee, the operation of a shoe store and shoe repair shop, at the time it was taken.

While there was no evidence of any prospective use that the condemnee planned for the property other than that to which it was being put, Mr. Frank Fortson, a witness for the condemnor, testified that the property was "a desirable corner; that he can put up an office building down there on that corner if he wants to." The charge was authorized by the evidence. See *Central Ga. Power Co. v. Cornwell,* 141 Ga. 643 (1) (81 S. E. 882), and citations.

■ Special ground 10 complains that the trial court erred in failing to charge, without request, "I charge you however, that the price the condemnee paid for the property is a circumstance to be considered along with all the other evidence in the case in determining the amount of money which should be awarded by you."

The complaint to this failure to charge is that the trial court, after charging that the right to recover the value of property taken is not affected by the fact that the condemnee purchased it for less than its value, should have charged the jury that the purchase price could be considered, and in support of this position the condemnor relies upon cases exemplified by *Andrus v. State Highway Dept.*, 93 Ga. App. 827, 828 (2) (93 S. E. 2d 174), wherein it was held: "When a trial judge undertakes to charge the law on a subject, he must charge all the law on the subject which is material or applicable to the case." In the present case the court instructed the jury: "One's right to recover the value of his property is not affected by the fact that he purchased it for less than its value. Of course, the value of the property is entirely up to the jury to determine. Reproduction costs may be used as a factor involved in the evaluation of property together with other relevant factors which may be disclosed by the evidence, including depreciation and the nature of the property interest seized in determining market value. . . It is your duty to consider all the evidence, both oral and documentary in this case."

The price the condemnee paid for his property was included in the evidence adduced on the trial of the case and such evidence was undisputed. The excerpts from the charge quoted above show that the jury was instructed that it should consider this evidence. If additional instructions had been desired they should have been requested. The charge given, when considered in connection with all the instructions given the jury, did not charge only a part of the law applicable on this subject so as to fall within the category of the charge in *Andrus v. State Highway Dept.*, 93 Ga. App. 827, supra.

■ The evidence adduced on the trial of the case authorized the amount of the verdict for the condemnee, and therefore there is no merit in the usual general grounds of the motion for new trial.

*Judgment affirmed. Felton, C. J., and Bell, J., concur.*