38733. GEORGIA POWER COMPANY v. LIVINGSTON.

DECIDED APRIL 4, 1961—REHEARING DENIED APRIL 17, 1961.

*Robert R. Forrester, A. L. Kelley, Jr.,* for plaintiff in error.
*Seymour S. Owens,* contra.

FELTON, Chief Judge. ■ The first headnote needs no further discussion.

■ Ground 5 of the amended motion was properly overruled. The witness was not qualified to give an opinion as to the value of a house on the land involved when he had never been inside the house. The testimony was properly excluded notwithstanding the court may have assigned the wrong reason therefor.

■ Ground 6 of the amended motion complains that the court erred in permitting the condemnee to testify that "it might be possible that it would be a subdivision out there." One objection to this testimony was that it was speculative. We think the court erred in admitting this testimony. While it is too well known to require citation of authority that a jury may, in determining the value of land, consider all uses to which the property may reasonably be put, the mere possibility that it might be used for subdivision purposes is not enough to authorize a jury to consider the effect of such a possibility in determining the value of the land. At least a reasonable probability must be shown by competent evidence to authorize a jury to consider it in determining value.

■ (a) Grounds 7, 8 and 9 of the amended motion complain that the charge of the court was confusing and erroneous in its

■

514

statement of the measure of damages. The court used the terms "fair market value," "fair and reasonable value," and "just and adequate compensation." In cases where, as here, there are no unusual circumstances which make the criterion of market value inapplicable, market value is the basis of the determination of the value of land taken and damage to land not taken. *Georgia Power Co. v. Pittman*, 92 Ga. App. 673 (89 S. E. 2d 577).

(b) It was also error for the court to charge the jury on the subject of the value of land actually taken. The proceeding is to condemn only an easement over the land to be actually used by the condemnor and not the fee-simple title.

■ Ground 10 of the amended motion has been abandoned.

■ Under the facts of this case the court correctly stated the method of determining the consequential damages.

The court erred in overruling the motion for a new trial on special grounds 4, 6, 7, 8 and 9.

*Judgment reversed. Nichols and Bell, JJ., concur.*