39920. GEORGIA POWER COMPANY v. CROW et al.

DECIDED FEBRUARY 14, 1963—
REHEARING DENIED FEBRUARY 27, 1963.

*Joseph S. Skelton, Eugene A. Epting, Erwin, Birchmore &
Epting,* for plaintiff in error.

*William O. Carter,* contra.

BELL, Judge. Special ground 1 of the motion for new trial complains of those portions of the trial judge's charge to the jury which read as follows: "The actual damage that I just mentioned refers to what you will find to be just and adequate compensation to the condemnees for the strip of land being condemned by the Georgia Power Company. I charge you, Gentlemen, in determining the value of the property actually being taken, the nature and character of the property, its suitability and availability for different uses, and all of the facts which may be disclosed by the evidence tanding [sic] to throw light on its market value may be taken into consideration, and from all of them the jury may arrive at what is the fair market velue [sic] of the property taken at the time it was taken.

"Now, applying those rules you will determine the actual fair market value of the property taken, that is, 3.4 acres, belonging to the condemnees which is actually taken. In any event they are entitled to recover that amount, whatever you determine to be the actual fair market value."

It is contended that the instructions quoted were erroneous for the reason that they authorized the jury to award as actual damages the full value of the strip of land containing 3.4 acres when nothing but an easement across the land was sought to be condemned.

While it is elementary that a charge must be considered as a whole and not adjudged by its scattered and disjointed fragments, *Brown v. Matthews*, 79 Ga. 1 (4 SE 13), it appears here that the jury was actually misled by the instructions of the trial judge.

Although the trial judge did explain to the jury in several portions of the charge that the condemnor was seeking an easement across the property for the placing of electric power transmission facilities, the portion of the charge objected to (as well as the charge when read as a whole) is replete with language which is clearly subject to the inference that the property sought to be condemned was not restricted merely to an easement for the limited use of the land for a specific purpose, but rather that the entire 3.4 acres of land was to be completely taken. Certainly this could have misled the jury and caused them to award to the condemnees full value of the land and to ignore the more limited value of the mere easement sought.

In *Georgia Power Co. v. Livingston*, 103 Ga. App. 512, 514 (119 SE2d 802), this court held that: "It was also error for the court to charge the jury on the subject of the value of land actually taken. The proceeding is to condemn only an easement over the land to be actually used by the condemnor and not the fee simple title."

Since the jury was misled by the ambiguous instruction, the trial court erred in overruling special ground 1 of the amended motion for a new trial.

As the remaining assignments of error will not likely reappear upon a new trial of the case, they will not be considered on this appeal.

*Judgment reversed. Carlisle, P. J., and Hall, J., concur.*