40715. WILLIAMS v. COLONIAL PIPELINE COMPANY.

HALL, Judge. The condemnee assigns error on the overruling of a special ground of his motion for new trial complaining of the exclusion of testimony of a witness. *Held:*

This court held in its previous opinion, assuming without deciding that the excluded testimony was admissible, that the trial court did not commit harmful error in excluding the opin-

ion testimony of a lay witness of the value of the property condemned and the consequential damages to the condemnee's remaining property, for the reason that the condemnee presented four other witnesses who testified as to their opinions of the condemnee's damages, and the opinion excluded was within the range of the valuations placed on the property by these four witnesses. *Williams v. Colonial Pipeline Co.*, 109 Ga. App. 815 (137 SE2d 667). The Supreme Court reversed this court's ruling on this point by holding that where the question is the value of land, and the evidence is conflicting, it is error to say that the exclusion of cumulative opinion evidence is harmless error. *Williams v. Colonial Pipeline Co.*, 220 Ga. 381 (139 SE2d 308).

The question now before us is whether the trial court committed error in excluding the testimony of this witness. The witness testified on direct examination that he had examined the property and had been familiar with it for 3 or 4 years; that he had heard of sales in the area and knew what the property brought by talking to some of the people that had sold similar property, and from this information (sales of similar property) his opinion was that the reasonable market value of the condemnee's property when taken was $3,500 and that the damage to the condemnee's remaining property was $6,500. On cross examination the witness testified as to the use and condition of the property; and that the sales of property about which he had testified on direct examination were sales of property acquired by the Pipeline (the condemnor) for right of way, and that he was not familiar with any sales of property, other than sales to the condemnor, in that vicinity except in the town of Dacula, and that those were not property like the condemnee's. (Sales of property to purchasers with the power of eminent domain are considered forced sales, and prices obtained from sales to such purchasers are not admissible in evidence in condemnation proceedings. *Georgia Power Co. v. Brooks*, 207 Ga. 406, 410, 62 SE2d 183; *Garden Parks, Inc. v. Fulton County*, 88 Ga. App. 97, 76 SE2d 31; *State Hwy. Dept. v. Irvin*, 100 Ga. App. 624, 112 SE2d 216). Upon motion, the trial judge excluded the witness' testimony as to his opinion of the value of the easement taken and the consequential damages to the remaining property.

A non-expert witness "is qualified to testify on the market value of land 'if he has had an opportunity for forming a correct

opinion' as to its value. Primarily, the competency of the witness to testify as to market value is for the court." *Central Ga. Power Co. v. Cornwell,* 139 Ga. 1, 5 (76 SE 387, AC 1914A 880); *Schumpert v. Carter,* 175 Ga. 860 (1) (166 SE 436); *Livsey v. County of Walton,* 47 Ga. App. 211, 212 (170 SE 268); *Fowler v. National City Bank of Rome,* 49 Ga. App. 435, 441-442 (176 SE 113); *McDuffie County v. Gunn,* 50 Ga. App. 198 (3b) (177 SE 363); *City of Griffin v. Southeastern Textile Co.,* 79 Ga. App. 420, 424 (53 SE2d 921). "It is difficult to lay down any exact rule in respect to the amount of knowledge a witness must possess; and the determination of this matter rests largely in the discretion of the trial judge." Montana R. Co. v. Warren, 137 U.S. 348, 353 (11 SC 96, 34 LE 681); 5 Nichols on Eminent Domain 210, § 18.4 (4); 1 Orgel on Valuation Under Eminent Domain 565, § 132; *Central Ga. Power Co. v. Cornwell,* 139 Ga. 1, 4, supra; *City of Griffin v. Southeastern Textile Co.,* 79 Ga. App. 420, 424, supra.

In view of the testimony of the witness as a whole, it cannot be said as a matter of law that the trial judge manifestly abused his discretion in excluding this testimony. *Central Ga. Power Co. v. Cornwell,* 139 Ga. 1, supra; *Central Ga. Power Co. v. Stone,* 139 Ga. 416, 417 (5) (77 SE 565).

The trial court did not err in overruling the motion for new trial.
*Judgment affirmed. Nichols, P. J., and Russell, J., concur.*

DECIDED NOVEMBER 30, 1964—REHEARING DENIED DECEMBER 16, 1964.

*Merritt & Pruitt, Glyndon C. Pruitt,* for plaintiff in error.
*Webb & Fowler, W. Howard Fowler,* contra.