24922. GAINESVILLE STONE COMPANY v. PARKER et al.

SUBMITTED NOVEMBER 13, 1968—DECIDED NOVEMBER 21, 1968—
REHEARING DENIED DECEMBER 5, 1968.

*Howard T. Overby, Palmour & Palmour, J. E. Palmour, Jr.,* for appellant.

*R. Wilson Smith, Jr., John H. Smith,* for appellees.

MOBLEY, Justice. The petitioners, appellees herein, own a tract of land adjoining a tract on which the defendant, as lessee, operates a stone quarry and crushing business, incident to which the defendant constructed a dam for impounding water from a stream which flows through the petitioners' land. The petitioners brought an action against the defendant alleging that it had raised the height of the dam and spillway so as to back up water, flooding several acres of their land, and that dust and residue from crushed stone has been deposited over their land, causing a quagmire, which has destroyed the value thereof. It is further alleged that the acts were premeditated and malicious, to force the petitioners to sell their land. The petitioners prayed for an injunction and for damages. The jury rendered a verdict in favor of the petitioners, finding that a tort or trespass had been committed by the defendant upon the petitioners, awarding damages of $5,000, and finding against punitive damages. Judgment for injunction and damages was entered accordingly.

The defendant filed a motion for new trial on the general and seven special grounds, which was denied. Notice of appeal was filed from the judgment of the trial court which made the verdict of the jury the court's judgment. The notice of appeal recited that motion for new trial was filed and denied, but did not specifically appeal from that judgment.

In its enumeration of errors the appellant complained in the first five grounds of the admission of, and of the failure to admit, certain evidence, and in the sixth ground alleged that the court erred in denying the appellant's motion for new trial.

■ Any misunderstanding resulting from the decision in *Hill v. Willis,* 224 Ga. 263 (161 SE2d 281), is cleared up by the opinion in *Tiller v. State,* 224 Ga. 645 (    SE2d    ), where this court held that if an "error is included in a motion for new trial, the ruling on the motion for new trial will become the law of the case unless on appeal the ruling on the motion for new trial is enumerated as error or the ruling on the motion for new trial is specifically appealed from in the notice of appeal," and further held: "Therefore, if such error is included in the motion for new trial, jurisdiction of the question for decision

by the appellate court is acquired in either of two ways: First, by specifically appealing from the ruling on the motion for new trial in the notice of appeal and presenting such error in the charge in an enumeration of error, or, second, by filing the notice of appeal from other appealable judgments and enumerating as error the ruling on the motion for new trial."

This case falls under the latter, as the notice of appeal was from an appealable judgment, the judgment entered on the verdict, and in the enumeration of errors the ruling denying the motion for new trial was enumerated as error. Thus the appellees' contention that the law of the case was fixed by the denial of the motion for new trial, unappealed from, and that the case should be affirmed for that reason, is without merit.

■ Enumeration of error 1 complains that the court erred in refusing to admit certain testimony of W. E. Parker (one of the appellees) in evidence. The evidence as to whether Parker devoted virtually all of his time to raising chickens was, as the court held, irrelevant and immaterial on the issue of damage to his property by reason of the flooding of a number of acres, depriving him of pasture for his three or four cows, or on the question of damage to his cows, or on any other issue in the case.

■ The testimony of a witness that, if the spillway stops up, the water will rise, and if it is stopped up entirely to the level or top of the dam, it will back up, flowing over and damaging other property, is not subject to the objection that it is a conclusion without facts upon which it is based and decides the issue the jury is to pass upon. The witness had experience in assisting in building and repairing dams and apparently was qualified to state his opinion on the subject. His testimony did not decide the issue the jury was to pass upon. Enumeration of error 2 is without merit.

■ Enumeration of error 3 complains that the witness was not qualified to testify as to the value of the land in controversy, because the evidence did not show that he had had an opportunity for forming a correct opinion as to its value and did not qualify under *Code* § 38-1709, which provides: "Direct testimony as to market value is in the nature of opinion evidence. One need not be an expert or dealer in the article, but may tes-

tify as to value, if he has had an opportunity for forming a correct opinion."

The witness was asked if he was familiar with the market value of land in that community, and answered, "I think so, sir, about as much as anyone else," and testified further that he had sold some land in the community to the State, that he knew of other properties that had been sold, and that, in his opinion, the land was worth $500 an acre. This evidence qualified the witness under *Code* § 38-1709 to testify as to the value of the land.

■ It was not error, as contended in Enumeration of error 4, to admit evidence of a Professor of Agronomy at the University of Georgia that he had examined the land in controversy, made borings therein, and that the sand and silt found thereon rendered it unsuitable for growing crops, trees, or pasture grass, and that he knew no use that could be made of it. The witness qualified as an expert and could testify whether the land in that condition could be put to use in farming.

■ Enumeration of error 5 complains that the court erred in admitting testimony of the witness Parker set out in the record from page 165 through page 172. In the brief for the appellant it is contended that the witness was permitted to testify as to the value of his land and a lease based entirely on an offer made therefor to him (see *State Hwy. Dept. v. Parker*, 114 Ga. App. 270 (2b) (150 SE2d 875)), and that he testified as to the value without giving his reasons therefor and showing that he had "an opportunity for forming a correct opinion," citing *Hoard v. Wiley*, 113 Ga. App. 328 (1b) (147 SE2d 782).

The testimony as to value of the property was not based entirely on an unaccepted offer. The witness did give reasons for his opinion as to value, and there was a showing that he had an opportunity for forming a correct opinion as to the value. He testified that he was familiar with values of land in the neighborhood, that he knew of other properties that had been sold and conveyed, that he did have an opinion as to the value of the property on which the encroachment was claimed, and that he had had offers made to him, from all of which he formed an opinion that the land was worth $500 per acre, and in his

opinion that was its reasonable market value. This ground is without merit.

■ The sixth enumeration of error alleges that: "The court erred in denying appellant's motion for a new trial." In regard to this the brief states: "As to the sixth enumeration of error it is pointed out that the correction of the errors herein complained of requires a new trial." Since the rulings in Enumeration of errors 1-5 are all adverse to the appellant, the court did not err in denying the motion for new trial.

*Judgment affirmed. All the Justices concur. Frankum, J., concurs specially.*

FRANKUM, Justice, concurring specially. While I concur in the judgment of affirmance, I must disagree with the ruling in Division one of the opinion for the reasons set forth in my dissent in *Tiller v. State,* 224 Ga. 645, supra. I would, therefore, affirm the judgment on those enumerations of error raising issues included in the motion for a new trial without considering such enumerations of error on their merits, in accordance with what was held in *Hill v. Willis,* 224 Ga. 263, supra. See *Bryan v. State,* 224 Ga. 389 (162 SE2d 349).