### 45852. CITY OF ATLANTA v. LAYTON et al.

EVANS, Judge. This case involves an in rem proceeding to condemn certain property of Mrs. Mary Layton, brought by the City of Atlanta upon a determination by the mayor & board of aldermen that the said lands are necessary for the expansion of the Atlanta Airport. The proceeding was brought under the authority of the law authorizing the exercise of the power of eminent domain which provides for the appointment of a special master to hear and determine the just and adequate compensation to be first paid for the property taken. After the award by the special master, and within ten days of the filing of the award, the condemnor being dissatisfied therewith, entered its appeal. Thereafter a judgment and decree was entered upon the master's award, declaring that the property be vested in the City of Atlanta in accordance with the law. The case proceeded to trial before a jury which returned a verdict in favor of the condemnee in the sum of $17,500. Whereupon the court entered its order stating that, the special master having returned an award in the amount of $14,000, and said amount having been paid to the condemnee under the judgment previously rendered for that amount, a judgment for an additional $3,500 was entered. The appeal is from the final judgment, and error is enumerated that: (1) there was no competent evidence offered by the condemnee to substantiate a verdict in the sum of $17,500; (2) there was no evidence before the trial court which could allow the condemnee's testimony to go before the jury on a use as to income derived from certain trees growing on condemnee's property; (3) the court erred in admitting a Carlisle Mortality Table in the evidence on behalf of the condemnee over objection; (4) the court having admitted the Carlisle Mortality Table in evidence on behalf of the condemnee,

failed to charge the applicable law with respect to the use of same; (5) the court erred in allowing the condemnee to testify as to the income she might have received from the property; and thereafter, in view of such testimony, failing to charge the jury as to the use of the evidence of income in arriving at the verdict.

1. The verdict was for the sum of $17,500. There was testimony by the appellee that she valued her property as worth $17,500, because she had fixed it up for her old age and "it was nice." But she also offered testimony establishing the foundation upon which she based her opinion as to value, in that she had spent six or seven months looking at hundreds of houses in an attempt to find a new home to purchase as a replacement. *Code* § 38-1709; *Ga. Power Co. v. Carson,* 46 Ga. App. 612 (167 SE 902). And although condemnor objected to this testimony on direct examination by condemnee's counsel, later condemnor elicited the very same testimony by cross examination. Any alleged error was rendered harmless where the same was elicited by cross examination. *A. B. & C. Railroad Benefit Assn. v. South,* 49 Ga. App. 659 (2) (175 SE 924); *Lee v. Holman,* 184 Ga. 694, 697 (193 SE 68); *Moore v. State,* 193 Ga. 877 (2a) (20 SE2d 403); *Southeastern Greyhound v. Hancock,* 71 Ga. App. 471 (2) (31 SE2d 59); *American Family Life Ins. Co. v. Glenn,* 109 Ga. App. 122 (2) (135 SE2d 442).

2. The court charged that the jury would have for its use or not "as shall be your pleasure . . . a mortality table." He instructed the jury that it might refer to the table to determine what is the likely life expectancy of the condemnee and it might use the table in its findings and deliberations; that it was not designed to be specific in terms of the basis upon which they must make an exact computation, but that it might be of some assistance, and that it was entirely for the jury to consider if it so wished. Appellant contends that the court erred, first, in even admitting the mortality table, and second, assuming that there might have been some remote propriety in the introduction of same, he thereafter failed to charge the jury the applicable guidelines with respect to the table, both of which constitute reversible error. The table would be useful not only in calculating life expectancy, as the jury saw fit, but also

in reducing to present cash value an expected income as shown by the testimony of the appellee. Hence, we see no error in allowing the admission of the mortality table. Further, the admission of this table into evidence was more favorable to the condemnor than the condemnee since it placed a limit of 9.18 expectation years (age 70 years) upon the life of Mrs. Layton, whereas she had the right, along with her heirs, to enjoy the land forever. This evidence placed a limit upon the condemnee's use of her interest in the same. See *Lively v. Lively,* 206 Ga. 606 (4) (58 SE2d 168); *Pettigrew v. Williams,* 68 Ga. App. 435, 437 (23 SE2d 183).

3. It is noted that the condemnor does not object to the charge given on the mortality table, but only contends that the court failed to charge applicable guidelines with respect to its use. Absent a specific written request to charge thereon, it cannot be said that the charge as given was harmful. Appellate Practice Act of 1965 (Ga. L. 1965, pp. 18, 31; 1966, pp. 493, 498; 1968, pp. 1072, 1078; *Code Ann.* § 70-207 (b)). A general objection to the trial judge that the charge is irrelevant, without clearly specifying what is contended should have been charged, is insufficient to entitle the objection to review. See *Ga. Power Co. v. Maddox,* 113 Ga. App. 642 (149 SE2d 393). Further, the enumeration of error, amended motion for new trial, objections to the charge, and brief of appellant must clearly specify and point out "What it is contended the trial court should have charged." *Carroll v. Morrison,* 116 Ga. App. 575 (4) (158 SE2d 480). Thus, the appellant failed to take proper steps in the trial court as to the needed correction as to the allegedly erroneous charge; and then failed to properly present the question in this court whereby such alleged error might be reviewed. Further, the charge as a whole is sufficient for the jury to determine the question of loss of income reduced to its present cash value, and the jury might use the probable life expectancy of Mrs. Layton in determining the question of fair market value of the specific piece of property, no harmful error has been shown by the appellant in respect to the admission and instruction on the Carlisle Mortality Table in this instance. This enumerated error is not meritorious.

4. Counsel for the appellant argues that the remaining testimony of the condemnee was totally lacking in probative value so as to authorize the jury to make an independent finding of fair market value based upon her testimony and that the testimony here was incompetent in authorizing an opinion of value to go to the jury, citing *Hoard v. Wiley,* 113 Ga. App. 328 (147 SE2d 782), but said cited authority, as well as *State Hwy. Dept. v. Parker,* 114 Ga. App. 270 (150 SE2d 875) both support the proposition that the plaintiff was qualified to testify as to her opinion of the value of her property. We find no harmful error, and none of the enumerated errors is meritorious.

*Judgment affirmed. Quillian, J., concurs. Jordan, P. J., concurs in the Judgment.*

SUBMITTED JANUARY 7, 1971—DECIDED FEBRUARY 19, 1971—
REHEARING DENIED MARCH 8, 1971—CERT. APPLIED FOR.

*Henry L. Bowden, Thomas F. Choyce,* for appellant.
*Weltner & Crumbley, Charles L. Weltner,* for appellees.

