## 46972. SCHOOLCRAFT v. DeKALB COUNTY.

EVANS, Judge. This is an in rem condemnation proceeding by DeKalb County to obtain a permanent avigation easement in, to, upon and over the land of the condemnee. Assessors were appointed who selected a third assessor. An award of $700 for the taking and $2,900 in consequential damages was made, and condemnor paid $3,600 into the registry of the court. Both condemnor and condemnee appealed from the award. A de novo trial was held before a jury for the sole purpose of deciding what amount of money is just and adequate compensation for the property condemned. Verdict was returned in favor of condemnee in the amount of $1,500 and condemnee appeals. Eight enumerations of error were filed and, as argued in condemnee's brief, four questions are presented to this court for determination, as follows: 1. Should the jury have been instructed that they could consider other legitimate uses which might be made of the condemned property? 2. Should the condemnee have been allowed to testify as to the value of the property taken and as to

damage to or diminution in value of his remaining property? 3. Should evidence of flights of aircraft using the easement have been limited to those flights using only runway 20-L of the airport? 4. Did the lower court correctly enter judgment on the verdict, there being no evidence to show that title to the property was uncertain so as to authorize the proceeding in rem? *Held:*

1. The first complaint of the appellant is that the court refused to give a written request to charge which was the substance of *Code* § 36-505, to wit: ". . . in estimating the value of land when taken for public uses, it is not restricted to its agricultural or productive qualities, but inquiry may be made as to all other legitimate purposes to which the property could be appropriated." Such written request must be entirely correct, accurate, and must be adjusted to the pleadings, the law, and the evidence. *New York Life Ins. Co. v. Thompson,* 50 Ga. App. 413 (1) (178 SE 389); *McKinney v. Woodard,* 94 Ga. App. 340 (1) (94 SE2d 620); *Childers v. Ackerman Constr. Co.,* 211 Ga. 350 (1) (86 SE2d 227); *King v. Ellis,* 104 Ga. App. 335, 336 (121 SE2d 815). It was error to refuse to give this written request inasmuch as there was some testimony that this was residential property and that there was an apartment complex and commercial property in the immediate vicinity. Further, an expert witness testified: ". . . and I considered also the possibility, but improbable, that at some future time it might lend itself to say industrial use for land purposes." The test is whether the land sought to be condemned *could* be used for other purposes, and not whether the land *would* be used for other purposes. *Moore v. State Hwy. Dept.,* 221 Ga. 392 (144 SE2d 747). See also *State Hwy. Dept. v. Whitehurst,* 109 Ga. App. 737 (137 SE2d 371); *State Hwy. Dept. v. Cantrell,* 119 Ga. App. 241 (2) (166 SE2d 604).

2. A non-expert witness who has had an opportunity to form a correct opinion may testify as to his opinion of the market value of the property. *Code* § 38-1709; *State Hwy. Dept. v. Clark,* 123 Ga. App. 627 (4) (181 SE2d

181); *City of Atlanta v. Layton,* 123 Ga. App. 432 (4) (181 SE2d 313); *Williams v. Colonial Pipeline Co.,* 110 Ga. App. 824 (140 SE2d 150); *Gainesville Stone Co. v. Parker,* 224 Ga. 819, 821 (165 SE2d 296); *Schumpert v. Carter,* 175 Ga. 860 (1) (166 SE 436); *Central Ga. Power Co. v. Cornwell,* 139 Ga. 1 (76 SE 387, AC 1914A 880); *Central R. & Bkg. Co. v. Skellie,* 86 Ga. 686, 693 (12 SE 1017). Condemnee, appearing as a non-expert witness, was not allowed to give his opinion of the market value of the property taken. The witness testified he was fairly familiar with the value of property in the neighborhood, knew of rental values there, and had heard of sales of properties in said neighborhood, and had talked to tree experts, all of which would have qualified him to testify as to the damages to his property and to diminution of value of his property remaining after the taking. Market value is exclusively a matter of opinion even though expressed as a fact. It may rest wholly or in part upon hearsay, provided the witness has had an opportunity of forming a correct opinion. If it is based on hearsay this would go merely to its weight and would not be a ground for valid objections. *Code* § 38-1709; *Landrum v. Swann,* 8 Ga. App. 209 (1) (68 SE 862); *Widincamp v. McCall,* 25 Ga. App. 733 (1) (104 SE 642); *Gulf Refining Co. v. Smith,* 164 Ga. 811 (4) (139 SE 716); *Powers v. Powers,* 213 Ga. 461 (2) (99 SE2d 818); *Central R. & Bkg. Co. v. Skellie,* 86 Ga. 686, 693, supra; *Sammons v. Webb,* 86 Ga. App. 382, 386 (71 SE2d 832); *Purser v. McNair,* 153 Ga. 405 (2) (112 SE 648). The court erred in excluding condemnee's opinion testimony as to the value of his property and damages thereto.

3. In counsel's examination of the condemnee the court limited the questioning of counsel as to the number of planes leaving the airport and taking off and coming over his house to those planes using Runway 20-L. Unquestionably, the easement was not taken for flights using Runway 20-L exclusively. It is true the condemnation proceeding made reference to this runway in a de-

scription of the location of the approach zone, but the easement was taken for the general operation of the entire airport, and without limitation as to airplanes using only this runway. Condemnor sought a perpetual easement for avigation purposes, in, to, upon and over, all of condemnee's property. The court erred in limiting the examination of the condemnor as to planes using runway 20-L.

4. No objection was made by the condemnee to the in rem proceeding. To the contrary, he named an assessor and continued to prosecute the case, seeking to obtain the value of his property that was taken. Condemnee is now estopped by his conduct aforementioned to attack the in rem proceeding. See *Code* § 38-114; *Ga. Power Co. v. Fountain,* 207 Ga. 361 (61 SE2d 454). The court likewise instructed the jury that the only issue on appeal was the value of the property taken. The court instructed the jury there was no question of identity of the property, nor *the right of eminent domain,* and *no question as to the validity of the preliminary proceedings prior to trial. Harrold v. Central of Ga. R. Co.,* 144 Ga. 199 (3) (86 SE 552). No objection was made to this charge. The condemnee's complaint that the judgment is erroneous, because there was no evidence to sustain the allegation that title to the property was uncertain so as to authorize a condemnation proceeding in rem is not meritorious.

5. For reasons stated above a new trial will be necessary.

*Judgment reversed. Bell, C. J., concurs. Eberhardt, J., concurs specially in the reversal, but dissents from Division 1.*

SUBMITTED MARCH 6, 1972—DECIDED APRIL 19, 1972.

*Curtis R. Richardson,* for appellant.

*George P. Dillard, Herbert O. Edwards, Robert E. Mozley,* for appellee.

EBERHARDT, Judge, concurring in the judgment but dissenting in part. I concur in the judgment, but dissent from

Division 1. The request to charge is abstractly correct but should be given only if there is evidence showing a reasonable probability of a demand for other uses. "Under proper evidence, in determining just and adequate compensation for property taken by eminent domain, the jury may consider the value of the property for uses other than that for which it was being used at the time of the condemnation. *State Hwy. Dept. v. Robinson,* 103 Ga. App. 12, 16 (118 SE2d 289). But the fact that one's land is merely adaptable to a different use is not in itself a sufficient showing in law to consider such different use as a basis for compensation. If there is not a present demand for such use, it must be made to appear that such use of the land is so reasonably probable as to have an effect on the present value of the land. *State Hwy. Dept. v. Howard,* 119 Ga. App. 298, 303 (167 SE2d 177); *Ga. Power Co. v. Livingston,* 103 Ga. App. 512, 513 (119 SE2d 802). In the present case there was evidence that the land in question was nicely wooded and physically suited for residential subdivision if such a demand ever arose. But the evidence fell far short of showing that such use was reasonably probable and had in fact affected the value of the land." *State Hwy. Dept. v. Hodges,* 123 Ga. App. 806, 808 (182 SE2d 485).

While it is true that *Code* § 36-505 provides that "inquiry may be made as to all other legitimate purposes [than its agricultural or productive qualities] to which the property could be appropriated," the use is simply not a legitimate one unless there is a demand or reasonable probability thereof. For example, this land *could* be used for the construction of an office skyscraper, or for a cemetery, or for a myriad of uses for none of which there is any present or foreseeable demand, and such should not be considered as affecting its value. It is elemental that the charge should be adapted to the facts legitimately in evidence, and unless it is, it is error to give it.