## 57006. DEPARTMENT OF TRANSPORTATION v. BRAND et al.

BANKE, Judge.

The Department of Transportation condemned approximately one-half of a 1-acre lot, including a 5-room concrete block dwelling house, belonging to the condemnees. Following a jury trial on the issue of compensation, the department filed this appeal, enumerating seven alleged errors.

1. The trial judge did not err in striking the testimony of one of the state's expert value witnesses, who attempted to assign a value to the house using the replacement cost method. The witness' testimony as to replacément cost was based *exclusively* on the "Beck Building Valuation Manual." While an expert witness may support his opinion by reference to books, statistical sources and other learned sources, his testimony is inadmissible when it is merely a restatement of a textbook opinion rather than an independent expression of his own expert opinion. See *Central of Ga. R. Co. v. Luther,* 128 Ga. App. 178 (3) (196 SE2d 149) (1973); *State Hwy. Dept. v. Willis,* 106 Ga. App. 821 (3) (128 SE2d 351) (1962). The trial judge was authorized to conclude that the

testimony at issue here was derived purely from a mechanical application of a formula found in the "Beck Building Valuation Manual" and was not an independent expression of opinion by the witness. Accordingly, he did not err in striking it and in ordering the jury not to consider it.

2. One of the condemnee's value witnesses was a carpenter who lived in the house. When asked the basis for his opinion as to the value of the land, he stated: "Well, we had asked other people what they thought the land was worth, and we had checked into property values of land and seen what they were generally selling for. By checking into, I mean we would call various real estate companies, and we had been out and looked at various land lots at that particular time." The department objected on the ground that the witness had based his valuation in part on what others thought the land was worth.

It was not error to overrule the objection. A non-expert witness may offer his opinion as to value so long as he gives his reasons therefor or it otherwise appears that he has had an opportunity for forming a correct opinion. See *Hoard v. Wiley,* 113 Ga. App. 328 (1) (b) (147 SE2d 782) (1966). See also *Central Ga. Power Co. v. Stone,* 139 Ga. 416 (3, 4) (77 SE 565) (1912); *Gainesville Stone Co. v. Parker,* 224 Ga. 819 (6) (165 SE2d 296) (1968). *Williams v. Colonial Pipeline Co.,* 110 Ga. App. 824, 825-826 (140 SE2d 150) (1964). The witness here demonstrated a familiarity with property values in the area, and it is clear that his opinion was more than a guess or unsupported conclusion. The department's objection thus went to credibility rather than admissibility. See generally *Sisk v. Carney,* 121 Ga. App. 560 (4) (174 SE2d 456) (1970); *Schoolcraft v. DeKalb County,* 126 Ga. App. 101 (2) (189 SE2d 915) (1972); *Hagin v. Powers,* 140 Ga. App. 300 (3) (231 SE2d 780) (1976).

3. The carpenter also gave his opinion of the value of the house, using the replacement cost method. The department moved to strike this testimony on the ground that the witness had not allowed for depreciation. The trial judge thereupon allowed the witness to be recalled. He testified on re-direct examination that since the house

was made out of concrete block, only the roof had suffered any substantial depreciation. He further stated that the roof was about ten years old and would last another ten years, and gave an estimate of what it would cost to replace the roof. The department did not cross examine. We hold that the jury was provided with sufficient evidence upon which to make a determination of how much the house had depreciated. If the department had wished to clarify the testimony, it could easily have done so on cross examination. See *Dept. of Transp. v. English,* 135 Ga. App. 425 (6) (218 SE2d 134) (1975). It was not error to overrule the motion to strike.

4. Over objection, condemnee Brand provided the estimates of two builders who had offered to build the house for him in 1964. Any error in admitting this testimony was harmless since the witness also gave the actual construction costs. Furthermore, Brand later repeated his testimony as to one of the offers, and the department made no objection.

5. Condemnee Brand also testified that, in his opinion, the remainder left by the department had no value and, therefore, that the value of the land taken was the value of the entire parcel. The department objected on the ground that this testimony made no distinction between the value of the land taken and the consequential damages to the remainder.

"Evidence of the difference between the value of the whole property (that taken and that not taken), before the taking and after the taking is without probative value as to the actual value of the land taken and the consequential damage to that not taken." *State Hwy. Dept. v. Mann,* 110 Ga. App. 390 (2) (138 SE2d 610) (1964). For this reason, the trial court erred in admitting condemnee Brand's testimony that the property taken was worth $20,000. However, we find this harmless under all of the circumstances of the case. The condemnees' other two value witnesses testified that the property was worth $15,000 and $25,000, respectively. Thus, although condemnee Brand's testimony was technically without probative value, the jury was left with other evidence on which to base its verdict. Compare *State Hwy. Dept. v. Mann,* supra. Furthermore, the verdict returned by the

jury was $16,000, which was considerably less than the $20,000 value which Brand had placed on the property. Therefore, in the context of the other evidence introduced in the case, we do not find Brand's testimony to have been prejudicial.

6. During a colloquy with the court, counsel for the department indicated that he would object to a jury instruction concerning the cost incurred by the condemnees in moving a mobile home from the land taken to the remainder. However, no such objection was made after the instruction was given. "[T]he requirement is that there be a proper objection *after* the court instructed the jury and before the jury returned a verdict." *Caudell v. Sargent,* 118 Ga. App. 405 (164 SE2d 148) (1968). (Emphasis supplied.) See *Mack v. Barnes,* 128 Ga. App. 328 (2) (196 SE2d 684) (1973).

7. One of the condemnees' value witnesses, a banker, testified that he had used the market value approach in making his valuation; however, he stated on cross examination that there were no comparable sales in the area for "that type of structure." The department later moved to strike this witness' testimony on the ground that it had been shown to be without foundation. It was not error to overrule the motion. The witness was qualified as an expert and stated that he had appraised more than 100 parcels of land for loan purposes. He also testified that he had personally examined and made an appraisal of the condemnees' property for loan purposes, and that he had lent money based on this appraisal. This was amply sufficient to establish a foundation for his valuation. See generally *Hoard v. Wiley,* 113 Ga. App. 328 (1) (147 SE2d 782) (1966).

No error appearing for any reason assigned, the judgment of the trial court is affirmed.

*Judgment affirmed. Birdsong and Underwood, JJ., concur.*

SUBMITTED JANUARY 3, 1979 — DECIDED APRIL 4, 1979.

*Arthur K. Bolton, Attorney General, Flournoy, Evans & Mize, Charles A. Evans,* for appellant.

*N. William Pettys, Jr., Lemon M. Awtrey, Jr.,* for appellees.